**GENERAL ELECTRIC CAPITAL CORPORATION, Appellee,**

v.

**GOLF CLUB OF DUBLIN, L.L.C., Appellant.**

[Cite as *Gen. Elec. Capital Corp. v. Golf Club of Dublin, L.L.C.*, 187 Ohio App.3d 420, 2010-Ohio-2143.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 09 CAE 12 0107.

Decided May 13, 2010.

Bricker & Eckler, Justin W. Ristau, and Vladimir P. Belo, for appellee.

Adams, Babner & Gitlitz and Joel H. Mirman, for appellant.

---

WISE, Judge.

{¶ 1} This is an appeal by plaintiff-appellant, the Golf Club of Dublin, L.L.C., from the December 9, 2009 judgment entry of the Delaware County Common Pleas Court granting defendant-appellee General Electric Capital Corporation's motion to appoint a receiver.

{¶ 2} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated-calendar cases, provides as follows:

{¶ 3} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶ 4} This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶ 5} The relevant facts are as follows:

{¶ 6} Appellant, the Golf Club of Dublin, L.L.C. ("GCD") is an Ohio limited-liability company that owned and operated a golf course by the same name and related club activities.

{¶ 7} In July 2007, GCD entered into a loan agreement with appellee General Electric Capital Corporation ("GECC") for a loan of up to $8.5 million in connection with the golf course.[1] The note and other supporting loan documents evidencing GCD's obligations to GECC are secured by the mortgage. As demonstrated by the acknowledgements attached to the mortgage and other loan documents, the documents providing the basis for this litigation were executed in Delaware County.

{¶ 8} On June 9, 2009, following GCD's default of its obligations under the note, mortgage, and other loan documents, GECC filed a complaint for foreclosure in the Delaware County Court of Common Pleas ("the complaint"), seeking judgment on a certain promissory note ("the note"), foreclosure of an open-end

---

1. The land that is the subject of the foreclosure is owned by the city of Dublin and leased to GCD.

leasehold mortgage, security agreement, and fixture filing ("the mortgage"), and to enforce other rights under the related loan documents.

{¶ 9} Contemporaneous with the complaint for foreclosure, GECC also filed a motion for the immediate appointment of a receiver.

{¶ 10} Hours before a scheduled hearing on the receivership motion, an involuntary Chapter 11 bankruptcy petition was filed pursuant to Section 303, Title 11, U.S.Code against GCD (the "Chapter 11 case"). Counsel for the Chapter 11 petitioning creditors also filed a suggestion of stay in the trial court, requesting that the matter be stayed as a result of the automatic stay imposed by Section 362, Title 11, U.S.Code.

{¶ 11} Based on the suggestion of stay, the hearing on GECC's motion for the immediate appointment of a receiver was continued and this case was placed on the court's inactive docket.

{¶ 12} Less than two weeks after the imposition of the stay, GECC filed an emergency motion for relief from stay in the Chapter 11 case. GECC asked that the bankruptcy court modify the automatic stay imposed by Section 362, Title 11, U.S.Code to allow the instant case to proceed in the trial court for the limited purpose of seeking the appointment of a receiver over GCD.

{¶ 13} On September 25, 2009, the bankruptcy court entered an unopposed order granting General Electric Capital Corporation's motion for relief from the automatic stay ("the unopposed order").

{¶ 14} On October 9, 2009, based on the unopposed order, GECC moved the trial court to return the case to its active docket for the purpose of allowing GECC to seek the appointment of a receiver over GCD.

{¶ 15} By judgment entry filed October 13, 2009, the trial court granted the motion and set an October 19, 2009 hearing date on GECC's motion to appoint a receiver.

{¶ 16} On October 16, 2009, GCD filed a motion to transfer venue to the Franklin County Common Pleas Court.

{¶ 17} On October 19, 2009, GECC filed its opposition to GCD's motion to transfer venue. GCD filed its reply on the same day.

{¶ 18} On October 19, 2009, the trial court held a hearing on GECC's motion for immediate appointment of a receiver and GCD's motion to transfer venue.

{¶ 19} On December 9, 2009, the trial court entered a revised entry and order granting plaintiff's motion for an order appointing a receiver.

{¶ 20} By a separate order entered December 9, 2009, the trial court also denied GCD's motion to transfer venue.

{¶ 21} Appellant, the Golf Club of Dublin, now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶ 22} "I. The Delaware County Court of Common Pleas erred when it appointed a receiver in a case that was not properly venued in Delaware County.

{¶ 23} "II. The Delaware County Court of Common Pleas erred when it based its appointment of a receiver on its erroneous determination that venue was proper in Delaware County when there was no evidence in the record to support that determination.

{¶ 24} "III. The Delaware County Court of Common Pleas erred when it based its appointment of a receiver on its erroneous determination that venue was proper in Delaware County where the claim of proper venue relied upon an argument, unsupported by evidence, that the principal place of business of the defendant had been in Delaware County at the time prior to when the alleged cause of action arose."

## I, II, III

{¶ 25} Because appellant's assignments of error are interrelated and all assign error to the finding of proper venue and the appointment of a receiver in Delaware County, we shall address the assignments of error simultaneously.

{¶ 26} While conceding that a denial of a motion to transfer venue is not a final, appealable order, appellant argues that the trial court's appointment of a receiver in this matter allows this court to consider the trial court's venue determination.

{¶ 27} We find this tack to be unpersuasive. The only issue raised in this appeal is the issue of proper venue and the trial court's denial of appellant's motion to transfer venue to Franklin County. Appellant does not in any other way challenge the trial court's decision appointing the receiver.

{¶ 28} Appellant's motion to transfer venue was brought pursuant to Civ.R. 3(B) and (C). To be appealable, an order must be a final order, within the meaning of R.C. 2505.02.

{¶ 29} R.C. 2505.02 states:

{¶ 30} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 31} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 32} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 33} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 34} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 35} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 36} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 37} "(5) An order that determines that an action may or may not be maintained as a class action." R.C. 2505.02(B)

{¶ 38} We find that R.C. 2505.02(B)(1) does not apply because the trial court's judgment in the case sub judice does not determine the action or prevent a judgment. The question of venue or choice of forum is procedural and does not decide a party's claims. See *Duryee v. Rogers* (Dec. 16, 1999), Cuyahoga App. No. 74963, 1999 WL 1204875.

{¶ 39} Likewise, this was not an order in a special proceeding or upon a summary application in an action after judgment, nor was it an order that vacated or set aside a judgment or granted a new trial. See id.; R.C. 2505.02(B)(2) and (3). Nor does the order involve a determination as to whether a class action may be maintained. R.C. 2505.02(B)(5).

{¶ 40} The only possible applicable section is paragraph 4, regarding provisional remedies. "Provisional remedy" means "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). The statutory definition does not specifically refer to proceedings to transfer venue, nor are any of the listed proceedings akin to a transfer of venue. See *Duryee*, 1999 WL 1204875. The basic purpose of R.C. 2505.02(A)(3) in categorizing certain types of preliminary decisions of a trial court as final, appealable orders is the protection of one party against irreparable harm by another party during the pendency of the litigation. Id.

{¶ 41} We find that a decision by a trial court denying a motion for transfer of venue does not involve the same degree of risk of irreparable harm to a party as the decisions made in the types of actions listed under R.C. 2505.02(A)(3). The types of provisional remedies listed under R.C. 2505.02(A)(3) include decisions

that when made preliminarily, could decide all or part of an action or make an ultimate decision on the merits meaningless or cause other irreparable harm.

{¶ 42} This court has previously held that the denial of a request to change venue is not a final, appealable order. *Mansfield Family Restaurant v. CGS Worldwide, Inc.* (Dec. 28, 2000), Richland App. No. 00–CA–3, 2000 WL 1886226. In *Mansfield,* this court stated:

{¶ 43} "The decision to deny a change of venue does not result in any of the types of irreparable harm just listed. There is an adequate legal remedy from a decision denying a change of venue, after final judgment. In other words, it may be expensive to get the cat back in the bag, if a trial court errs when it denies a change of venue, but it can be done." Id. at *2. See also *Buxton v. Mancuso,* Knox App. No. 09 CA 22, 2009-Ohio-6839, 2009 WL 5062015.

{¶ 44} We therefore find that a denial of a motion to transfer venue is not a final, appealable order.

{¶ 45} Accordingly, we find that the December 9, 2009, judgment entry is not a final, appealable order.

{¶ 46} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas of Delaware County, Ohio, is dismissed for lack of jurisdiction.

Appeal dismissed.

FARMER, J., concurs.

HOFFMAN, P.J., dissents.

HOFFMAN, Presiding Judge, dissenting.

{¶ 47} While I acknowledge and agree with the majority that appellant is indirectly challenging the trial court's interlocutory order denying a change of venue, I nevertheless disagree with its decision to dismiss this appeal for want of a final, appealable order.

{¶ 48} It is well settled that the appointment of a receiver is a final, appealable order. *Jamestown Village Condominium Owners Assn. v. Market Media Research, Inc.* (1994), 96 Ohio App.3d 678, 645 N.E.2d 1265; *Mandalaywala v. Zaleski* (1997), 124 Ohio App.3d 321, 706 N.E.2d 344; *Community First Bank & Trust v. Dafoe,* 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825,

{¶ 49} Because appellant's claim of error in the appointment of the receiver is based solely on the claim of improper venue, I would find that that claim is insufficient, as a matter of law, to reverse the trial court's appointment of a receiver; therefore, I would affirm the trial court's decision.