[Cite as *Guay v. Lloyd Ward, P.C.*, 2014-Ohio-190.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                          |   | JUDGES:                      |
|--------------------------|---|------------------------------|
| JANET GUAY               | : | Hon. Sheila G. Farmer, P.J.  |
|                          | : | Hon. John W. Wise, J.        |
| Plaintiff-Appellee       | : | Hon. Craig R. Baldwin, J.    |
|                          | : |                              |
| -vs-                     | : |                              |
|                          | : | Case No. 13 CA 42            |
| LLOYD WARD, P.C., et al. | : |                              |
|                          | : |                              |
| Defendant-Appellant      | : | O P I N I O N                |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
                              Pleas, Case No. 2012CV637


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       January 17, 2014


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JEREMIAH E. HECK                    BRYAN  B. JOHNSON
KATHERINE L. KEENAN                 5003 Horizons Drive
LUFTMAN, HECK & ASSOCIATES          Suite 200
580 East Rich Street                Columbus, Ohio  43220-5292
Columbus, Ohio  43215-5335

BRIAN M. GARVINE
LAW OFFICE OF BRIAN M. GARVINE
5 East Long Street, Suite 1100
Columbus, Ohio  43215

*Wise, J.*

**{¶1}** Defendants-Appellants Lloyd Ward, P.C., et al. appeal the judgment of the Court of Common Pleas of Fairfield County, Ohio, denying its motions to enforce arbitration and to transfer venue.

**{¶2}** Plaintiff-Appellee is Janet Guay.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** On July 1, 2010, Appellee Janet Guay contacted Appellants Lloyd Ward, P.C. dba Lloyd Ward & Associates, Lloyd Ward Group, Lloyd Ward, Individually and as Director/Officer/Owner of Lloyd Ward, P.C. after viewing their website on the internet.

**{¶4}** On July 13, 2010, Appellee signed an online "Client Services Agreement" ("Agreement") with Appellants, hiring them to negotiate a reduction of debt she had incurred. Over a period of several months, Appellee paid Appellants $1,456 for such services and Appellants commenced efforts to negotiate down her debt.

**{¶5}** The Agreement signed by Appellee contained a conflict of law and forum selection clause:

**{¶6}** "10. Governing Law: Severability: This Agreement is governed by the laws of the State of Texas, without regard to the conflict of law rules of that state. Further, venue and jurisdiction for any dispute or conflict arising from or in any way related to this Agreement shall be exclusively in Dallas, Dallas County, Texas."

**{¶7}** This Agreement also contains an arbitration clause:

**{¶8}** "11. Arbitration of Dispute: In the event of a dispute regarding LWG's (The Lloyd Ward Group, a Professional Corporation) representation of Client's claims and defenses, or monies owed by client to LWG, Client hereby agrees to notify LWG in

writing of any such complaint so that LWG can attempt to reasonably address and, if appropriate, remedy the complaint to Client's complete satisfaction. LWG representatives will be happy to discuss policies and procedures set forth herein with you at any time. If you have any questions, please inquire of us openly and frankly. We encourage you to discuss with the principal attorney or assistant providing legal services to you any problems you may have with our attorneys, accounting department, paralegal personnel, secretarial staff or other matters that may arise in connection with our representation. If, after giving LWG thirty (30) days notice of any complaint, you remain unsatisfied with LWG's response to your complaint, you hereby agree to mediate and/or arbitrate any complaint against the firm prior to the initiation of any public or private complaints or claims of any kind against LWG or any of its attorneys.  You agree to submit any dispute over the amount of fees charged to you to the Fee Dispute Committee of the Collin County Bar Association, State Bar of Texas. Client understands that this agreement is performable in Collin County, Texas and hereby consents to venue and jurisdiction in Collin County, Texas under Texas state law for any dispute arising hereunder. The parties will submit all disputes arising under or related to this agreement to binding arbitration according to the then prevailing rules and procedures of the American Arbitration Association. Texas law will govern the rights and obligations of the parties with respect to the matters in controversy. The arbitrator will allocate all costs and fees attributable to the arbitration between the parties. The arbitrator's award will be final and binding and judgment may be entered in any court of competent jurisdiction.

{¶9}  Appellee eventually terminated the services of Appellants and filed the lawsuit which is the subject of this appeal in the Fairfield County Common Pleas Court on June 11, 2012, alleging claims for:

• Violations of the Ohio Debt Adjustment Companies Act

• Violations of the Ohio Consumer Sales Practices Act

• Fraud and 11-aud in the inducement

{¶10} On August 8, 2012, Appellants filed a motion to dismiss Appellee's complaint for failure to state a claim, or in the alternative, to change venue under Ohio Civ.R. 12(B)(3) and (6), which was based solely upon the doctrine of forum non-conveniens. Appellee opposed this motion.

{¶11}  On August 17, 2012, Appellee filed an amended complaint.

{¶12}  On September 10, 2012, the trial court denied Appellants' motion.

{¶13}  On September 25, 2012, Appellants filed a motion to stay proceedings pending arbitration. Appellee opposed this motion.

{¶14}  On October 24, 2012, the trial court denied Appellants' motion to stay.

{¶15} On November 15, 2012, Appellants filed a second motion to stay proceedings pending arbitration. Appellee again opposed this motion.

{¶16} On December 7, 2012, the trial court granted leave to Appellants to change the title of the motion to a motion to compel arbitration and stay proceedings. Appellee opposed this, as well.

{¶17} On December 18, 2012, the trial court denied Appellants' motion to compel arbitration and stay proceedings.

{¶18} On April 3, 2013, Appellants filed a motion for reconsideration of the denial of the motion to compel arbitration, and specifically requested again that the trial court compel arbitration and stay the proceedings. Appellee opposed this motion.

{¶19} On April 3, 2013, Appellants filed a motion to enforce the forum selection clause in the agreement between the parties. Appellee opposed this motion.

{¶20} On April 29, 2013, the trial court denied Appellants' motions for reconsideration and to enforce the forum selection clause

{¶21} Appellant now appeals, assigning the following Two Assignments of Error for review:

<u>ASSIGNMENTS OF ERROR</u>

{¶22} "I. THE TRIAL COURT ERRED BY REFUSING TO ENFORCE THE FORUM SELECTION CLAUSE IN THE AGREEMENT BETWEEN THE PARTIES.

{¶23} II. THE TRIAL COURT ERRED BY REFUSING TO ENFORCE THE ARBITRATION CLAUSE IN THE AGREEMENT BETWEEN THE PARTIES."

I.

{¶24} In its First Assignment of Error, Appellant argues that the trial court erred in denying its motion to transfer venue in this case. We disagree.

{¶25} Appellant's motion to transfer venue was brought pursuant to Civ.R. 3(B). To be appealable, an order must be a final order, within the meaning of R.C. §2505.02.

{¶26} R.C. §2505.02 states:

{¶27} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶28} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶29} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶30} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶31} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶32} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶33} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶34} "(5) An order that determines that an action may or may not be maintained as a class action." R.C. §2505.02(B)

{¶35} We find that R.C. §2505.02(B)(1) does not apply because the trial court's judgment in the case *sub judice* does not determine the action or prevent a judgment. The question of venue or choice of forum is procedural and does not decide a party's claims. *See Duryee v. Rogers* (Dec. 16, 1999), Cuyahoga App. No. 74963, 1999 WL 1204875.

{¶36} Likewise, this was not an order in a special proceeding or upon a summary application in an action after judgment, nor was it an order that vacated or set aside a judgment or granted a new trial. *See id.*; R.C. §2505.02(B)(2) and (3). Nor does

the order involve a determination as to whether a class action may be maintained. R.C. §2505.02(B)(5).

{¶37} The only possible applicable section is paragraph 4, regarding provisional remedies. "Provisional remedy" means "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. §2505.02(A)(3). The statutory definition does not specifically refer to proceedings to transfer venue, nor are any of the listed proceedings akin to a transfer of venue. *See Duryee,* 1999 WL 1204875. The basic purpose of R.C. §2505.02(A)(3) in categorizing certain types of preliminary decisions of a trial court as final, appealable orders is the protection of one party against irreparable harm by another party during the pendency of the litigation. *Id.*

{¶38} We find that a decision by a trial court denying a motion for transfer of venue does not involve the same degree of risk of irreparable harm to a party as the decisions made in the types of actions listed under R.C. §2505.02(A)(3). The types of provisional remedies listed under R.C. §2505.02(A)(3) include decisions *425 that when made preliminarily, could decide all or part of an action or make an ultimate decision on the merits meaningless or cause other irreparable harm.

{¶39} This Court has previously held that the denial of a request to change venue is not a final, appealable order. *Mansfield Family Restaurant v. CGS Worldwide, Inc.* (Dec. 28, 2000), 5th District, Richland App. No. 00–CA–3, 2000 WL 1886226; *See also Gen. Elec. Capital Corp. v. Golf Club of Dublin, L.L.C.* 187 Ohio App.3d 420, 932 N.E.2d 401, 2010-Ohio- 2143. In *Mansfield,* this court stated:

**{¶40}** "The decision to deny a change of venue does not result in any of the types of irreparable harm just listed. There is an adequate legal remedy from a decision denying a change of venue, after final judgment. In other words, it may be expensive to get the cat back in the bag, if a trial court errs when it denies a change of venue, but it can be done." *Id. See also Buxton v. Mancuso,* 5th Dist., Knox App. No. 09 CA 22, 2009-Ohio-6839, 2009 WL 5062015.

**{¶41}** We therefore find that a denial of a motion to transfer venue is not a final, appealable order.

**{¶42}** Appellants' First Assignment of Error is overruled.

II.

**{¶43}** In their Second Assignment of Error, Appellants argue that the trial court erred in denying its motion to compel arbitration. We disagree.

**{¶44}** Upon review, this Court finds that the relationship between Appellants and Appellee was that of Attorney-Client. We therefore find that the Ohio Rules of Professional Conduct apply. Specifically, Rule 1.8 provides:

**{¶45}** "(h) A lawyer shall not do any of the following:

**{¶46}** "(1) make an agreement prospectively limiting the lawyer's liability to a client for malpractice or requiring arbitration of a claim against the lawyer unless the client is independently represented in making the agreement."

**{¶47}** On the issue of whether an attorney's retainer agreement may contain an agreement to arbitrate attorney-client disputes, the Eighth District Court of Appeals in *Thornton v. Haggins*, 8th Dist., Cuyahoga App. 830555, 2003-Ohio-7078, found that the Ohio Supreme Court Board of Commissioners on Grievances and Discipline Opinion

96-9 "advise[d] that an engagement letter between an attorney and client should not contain language requiring a client to prospectively agree to arbitrate legal malpractice disputes."

**{¶48}** The Eighth District found that although the Board did not conclude that such provisions constitute a per se attempt to limit attorney liability in violation of DR 6-102(A), it admonished that such agreements run contrary to the fundamental duty to represent the client zealously. The Board indicated that before entering into such prospective agreements most clients would benefit from the advice of separate counsel and that it reflects poorly on the profession for clients to have to "hire a lawyer to hire a lawyer."

**{¶49}** The Eighth District went on to find that "[w]hile no Ohio case has addressed the issue of whether a provision requiring a client to arbitrate legal malpractice claims is valid and enforceable, other jurisdictions have reached divergent conclusions. *See McGuire, Cornwell & Blakely v. Grider* (1991 D.C. Col.), 765 F.Supp. 1048 (the court ordered the matter submitted to arbitration over the client's objection that the agreement was void in light of a rule of professional conduct prohibiting an attorney from prospectively limiting his or her liability for malpractice); *Derfner & Mahler, LLP v. Rhoades* (1999), 683 N.Y.S.2d 509, 257 A.D.2d 431 (on its face, arbitration provision in retainer did not violate rules of ethics); cf. *Lawrence v. Walzer & Gabrielson* (1989), 207 Cal.App.3d 1501, 256 Cal.Rptr. 6 (1989) (arbitration agreement did not apply to client's claims of malpractice and breach of fiduciary duty); *In re Godt,* 28 S.W.3d 732 (Tex.App.Corpus Christi 2000) (arbitration provision was not enforceable

because the client did not act on the advice of independent counsel, nor did independent counsel sign the agreement)."

**{¶50}** The Eighth District Court then went on to hold that "[w]e are persuaded by the cases finding such agreements unenforceable with regard to the malpractice disputes, and we find the reasoning set forth in Opinion 96-9 compelling. We agree that the best interests of the client require consultation with an independent attorney in order to determine whether to prospectively agree to arbitrate attorney-client disputes. Such agreements are therefore not knowingly and voluntarily made absent such independent consultation. We therefore conclude that, to the extent that the trial court relied upon Opinion 96-9 in denying defendant's request for a stay for arbitration, it acted well within its discretion."

**{¶51}** Upon review, this Court likewise finds that such agreements requiring the arbitration of disputes arising from the attorney-client relationship run contrary to the fundamental duty to represent the client zealously. As there is no evidence that Appellee was "independently represented in making the agreement" we find that the trial court did not err in denying Appellants' motion to enforce the arbitration agreement in this matter.

**{¶52}** Appellants' Second Assignment of Error is overruled.

**{¶53}** For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.