[Cite as *Johnson v. Nemr*, 2018-Ohio-183.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| DUANE JOHNSON | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2017CA00203 |
| MARIO NEMR, ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING: Civil appeal from the Stark County Court of Common Pleas, Case No. 2017CV02112

JUDGMENT: Dismissed

DATE OF JUDGMENT ENTRY: January 16, 2018

APPEARANCES:

For Plaintiff-Appellant
DUANE JOHNSON PRO SE
825 Diagonal Road
Akron, OH  44320

For Defendants-Appellees

*Gwin, P.J.*

{¶1}    Appellant appeals the October 24, 2017 judgment entry of the Stark County Court of Common Pleas.

*Facts & Procedural History*

{¶2}    On October 19, 2017, appellant Duane Johnson filed a complaint for trespass against Mario Nemr ("Nemr") and Rebecca Hall ("Hall").  Appellant alleged Nemr and Hall displayed extreme prejudice, harassment, and character assassination during his visit to Thursday's Lounge and Mr. Zub's Deli in Akron, Ohio.  The complaint and designation form list the address of both Nemr and Hall as Mr. Zub's Deli, 795 W. Market Street, Akron, Ohio.

{¶3}    The designation form lists appellant's address as 825 Diagonal Road in Akron, Ohio, as does appellant's affidavit of indigency and his notice to claim ownership of case.

{¶4}    The trial court issued a judgment entry on October 24, 2017, transferring the case to Summit County.  The trial court found appellant resides at 825 Diagonal Road in Akron, which is located in Summit County; both Nemr and Hall have an Akron address; and the alleged conduct giving rise to appellant's claims took place in Summit County. The trial court found, pursuant to Civil Rule 3(C), the case is properly venued in Summit County and transferred the case to the Summit County Court of Common Pleas.

{¶5}    Appellant appeals from the October 24, 2017 judgment entry of the Stark County Court of Common Pleas.

*Assignments of Error*

{¶6}    Appellant's appellate brief does not comply with Appellate Rule 16. Appellant fails to provide the following:  a table of contents, a table of cases, a statement of the assignments of error presented for review, a statement of the issues presented for review, a statement of the case, and a statement of facts.  Appellant raises one assignment of error in the body of his appellate brief:  that the trial court erred in transferring venue to Summit County.

{¶7}    Compliance with the appellate rule is mandatory.  Appellant's failure to comply with Appellate Rule 16 is tantamount to failing to file a brief in this matter.  *Beem v. Thorp*, 5th Dist. Licking No. 16-CA-97, 2017-Ohio-2967.  Such deficiencies permit this Court to dismiss appellant's appeal.  *Id.*  Notwithstanding the omissions in his brief, in the interests of justice and finality, we review the appeal.  *Id.*, *Erdman v. Williams*, 5th Dist. Tuscarawas No. 2012 AP 08 0054, 2013-Ohio-980.

I.

{¶8}    Appellant argues the trial court erred in transferring venue to Summit County.  However, both this Court and the Ohio Supreme Court have previously held that a judgment entry granting or denying a change of venue is not a final, appealable order. *Jackson v. Friedlander*, 5th Dist. Stark No. 2016CA00053, 2016-Ohio-7503, *appeal not allowed*, 149 Ohio St.3d 1463, 2017-Ohio-5699, 77 N.E.3d 988; *Gray v. Lloyd Ward, P.C.*, 5th Dist. Fairfield No. 13 CA 42, 2014-Ohio-190; *State of Ohio ex rel. Edwards v. Tompkins*, 5th Dist. Muskingum No. CT2010-0035, 2011-Ohio-32; *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 665 N.E.2d 212 (1996).

{¶9} The rationale behind these holdings is that the decision to deny or grant a change of venue does not result in the type of irreparable harm as the other provisional remedies listed in R.C. 2505.02(A)(3). *Gray v. Lloyd Ward, P.C.*, 5th Dist. Fairfield No. 13 CA 42, 2014-Ohio-190. Further, there is an adequate legal remedy from a decision on a change of venue, after final judgment. *Id.*

{¶10} We therefore find the October 24, 2017 judgment entry transferring venue to Summit County is not a final, appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. *Gen. Acc. Ins. Co. of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989). In the event the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. See *Chef Italiano Corp. v. Kent State University*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989); *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 280 N.E.2d 922 (1972).

{¶11} Because there is no final appealable order, this Court does not have jurisdiction to entertain appellant's appeal.  Accordingly, appellant's appeal is dismissed.


By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur