[Cite as *Cleveland v. State*, 2018-Ohio-4779.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106685

---

## CITY OF CLEVELAND

### PLAINTIFF-APPELLEE

vs.

## STATE OF OHIO

### DEFENDANT-APPELLANT

---

**JUDGMENT:**
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-877584

**BEFORE:** Jones, J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 29, 2018

**ATTORNEYS FOR APPELLANT**

**For CTIA - The Wireless Association**

Kathleen M. Trafford
Andrew C. Emerson
Porter Wright Morris & Arthur L.L.P.
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115

J. Philip Calabrese
950 Main Avenue, Suite 500
Cleveland, Ohio 44113

L. Bradfield Hughes
William Hunter West
Porter Wright Morris & Arthur L.L.P.
41 S. High Street
Columbus, Ohio 43215

**For state of Ohio**

Mike DeWine
Ohio Attorney General

BY:   Bridget C. Coontz
        Sarah E. Pierce
        Renata Y. Staff
Assistant Attorneys General
30 East Broad Street, 16th Floor
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

**For city of Cleveland**

Barbara A. Langhenry
Director of Law

BY: Gary S. Singletary
        Christopher J. Heltzel
Assistant Law Directors
City of Cleveland Department of Law

Cleveland City Hall
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

**For city of Brecksville and village of Glenwillow**

David J. Matty
City Law Director

BY: Mark B. Marong
      Shana Samson
1001 Lakeside Avenue, Suite 1410
Cleveland, Ohio 44140

LARRY A. JONES, SR., J.:

**{¶1}** Intervenor-appellant, CTIA – The Wireless Association ("CTIA"), appeals the trial court's denial of its motion to intervene in the underlying case. For the reasons that follow, we dismiss this appeal as untimely filed.

**{¶2}** On March 20, 2017, the city of Cleveland filed suit against defendant-appellee state of Ohio bringing several constitutional challenges against Senate Bill 331 (S.B. 331), which went into effect March 21, 2017. The city of Brecksville and villages of Bratenahl and Glenwillow subsequently moved to intervene as plaintiffs. The trial court granted their motions.

**{¶3}** In April 2017, CTIA, a group representing members of the U.S. wireless communications industry, also moved to intervene. The trial court denied this motion on June 20, 2017. CTIA did not appeal the trial court's decision.

**{¶4}** The parties agreed to bifurcate the claims in the case and to first address the claim that S.B. 331 violated the single-subject rule. The trial court set a briefing schedule to address that claim. The plaintiffs moved for partial summary judgment on the single-subject claim, which the state opposed and moved for summary judgment in its favor.

{¶5} On December 6, 2017, the trial court issued an opinion finding that S.B. 331 violated the single-subject requirement and invalidated three Ohio laws: amendments to R.C. 4111.02, amendments to R.C. Chapter 4939, and R.C. 4113.85.

{¶6} CTIA filed its notice of appeal in the instant case on January 3, 2018, stating in its notice of appeal that it was appealing from the trial court's orders of June 20, 2017 and December 6, 2017.

{¶7} The state of Ohio appealed the trial court's December 6, 2017, decision. *See Cleveland v. State*, 8th Dist. Cuyahoga No. 106688. This court determined that the appeals would be treated as companion appeals and would be separately briefed, argued, and disposed of by the same merit panel.

{¶8} In April 2018, CTIA filed a motion with this court to dismiss its appeal and vacate the trial court's June 20, 2017 order as moot. CTIA claimed that the single-subject challenges to the micro-wireless provisions of S.B. 331 were rendered moot by the passage of House Bill 478 in April 2018; therefore, CTIA would have no need to intervene in a dispute over what it considered were now defunct micro-wireless provisions. The city opposed CTIA's motion.

{¶9} This court denied CTIA's motion:

Motion by appellant, CTIA – The Wireless Association, to dismiss the appeal and vacate the trial court entry as moot is denied. Appellant may file a separate motion to dismiss the appeal; however, this court denies appellant's request to dismiss the appeal and also find the trial court's judgment denying appellant's motion to intervene as moot.

{¶10} Prior to oral argument on the two cases, we ordered the parties to brief the issue of whether the trial court's June 20, 2017 order denying CTIA's motion to intervene was a final,

appealable order sufficient to establish jurisdiction for appellate review. The parties briefed the issue, with CTIA arguing that the June 20 order was not a final, appealable order. The state contended that the order was final and appealable and therefore CTIA's appeal is untimely.

{¶11} In its sole assignment of error, CTIA claims that the trial court erred in denying its motion to intervene. As an initial matter, however, we must determine whether this court has jurisdiction.

{¶12} Under Section 3(B)(2), Article IV, Ohio Constitution, courts of appeals have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."

{¶13} As a result, "'[i]t is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.'" *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶14} "'An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met.'" *Gehm* at ¶ 15, quoting *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101. App.R. 4(A) provides that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶15} CTIA claims that the trial court's June 2017 order denying its motion to intervene was an interlocutory order that merged into the court's final December 2017 order granting partial summary judgment; therefore, the June 2017 order was not a final order, and this court has jurisdiction over the instant appeal.

**{¶16}** As is applicable to this case, R.C. 2505.02 provides:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment,

\* \* \*

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶17}** Thus, for the trial court's order denying CTIA's motion to intervene to qualify as a final appealable order, the following conditions must be met:   either (1) the court's June 2017 order is an order that affects a substantial right in the action that in effect determined the action and prevented a judgment; or (2)(a) the order must grant or deny a provisional remedy, as defined in R.C. 2505.02(A)(3); (b) the order must determine the action with respect to the provisional remedy so as to prevent judgment in favor of the party prosecuting the appeal; and (c) a delay in review of the order until after final judgment would deprive the appellant of any meaningful or effective relief.   *Gehm* at ¶ 23, citing *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711.

**{¶18}** In *Gehm*, the Ohio Supreme Court noted that because a motion to intervene is a right recognized by Civ.R. 24, intervention constitutes a substantial right under R.C. 2505.02(A)(1) unless the purpose for which intervention was sought may be litigated in another action.   *Gehm* at ¶ 29, 37;   *Schaer v. Jones*, 1st Dist. Hamilton No. C-160684, 2017-Ohio-7730,

¶ 12.

{¶19} Cleveland filed its complaint seeking a declaratory judgment that the passage of S.B. 331 violated the state constitution. CTIA moved to intervene as a defendant arguing on behalf of the state of Ohio to protect its alleged interest in the legislation. The plaintiffs opposed CTIA's motion to intervene, claiming that CTIA had no legally protectable interest to justify intervention and the Ohio Attorney General could advocate the state's position.

{¶20} CTIA admits that its only opportunity to protect its interest was through intervention in the underlying matter; as CTIA stated in its appellate brief: "CTIA and its members have no alternative means by which to protect their interests, other than to intervene in this action." (Appellant's brief, p. 13).

{¶21} Thus, because the purpose for which intervention was sought can not be litigated in another action and because the trial court denied the motion to intervene, the trial court's June 20, 2017 journal entry denying CTIA's motion was a final, appealable order under R.C. 2505.02(B)(1).

{¶22} The trial court's order denying CTIA's intervention was also a final, appealable order pursuant to R.C. 2505.02(B)(4). A provisional remedy is defined in R.C. 2505.02(A)(3) as a proceeding ancillary to an action. The basic purpose of R.C. 2505.02(A)(3) in categorizing certain types of preliminary decisions of a trial court as final, appealable orders is the protection of one party against irreparable harm by another party during the pendency of the litigation. *Gen. Elec. Capital Corp. v. Golf Club of Dublin, LLC*, 187 Ohio App.3d 420, 2010-Ohio-2143, 932 N.E.2d 401, ¶ 40 (5th Dist.).

{¶23} The trial court's order denying intervention qualifies as a denial of a provisional remedy because CTIA's attempted intervention was ancillary to the city's underlying action for

declaratory judgment against the state and the denial of intervention prevented CTIA from becoming a party to that action.

{¶24} Finally, CTIA would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. According to CTIA, it has a protectable interest in defending S.B. 331 from the single-subject challenge and the trial court's ruling denying intervention adversely affects CTIA's rights, impairs investments CTIA members have made and continue to make in their wireless technologies and networks, and deprives CTIA members of the procedural and substantive rights the General Assembly has created in S.B. 331. Because the single-subject issue was the sole issue decided by the trial court and that is before this court on appeal in *Cleveland v. State*, 8th Dist. Cuyahoga No. 106688, the only way that CTIA could be afforded a "meaningful or effective remedy by an appeal" is for this court to reverse the trial court's decision on the single-subject challenge in the companion case *and* reverse the trial court's decision on the motion to intervene. If this court determines that the trial court erred in denying CTIA's motion to intervene but did not err in its decision on the single-subject challenge to S.B. 331, then CTIA is still precluded from defending its interests in that portion of the action.

{¶25} We find, therefore, the requirements of R.C. 2505.02 have been met so that the July 20, 2017 judgment entry is a final, appealable order. CTIA failed to timely appeal the court's judgment pursuant to App.R. 4(A).

{¶26} Accordingly, this court is without jurisdiction to review the July 20, 2017 judgment entry denying CTIA's motion to intervene.

{¶27} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR