[Cite as *Roe Dental Laboratory, Inc. v. Nowak*, 2023-Ohio-457.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|                                      |     |                 |
| ------------------------------------ | --- | --------------- |
| ROE DENTAL LABORATORY, INC.,         | :   |                 |
| Plaintiff-Appellee,                  | :   |                 |
|                                      |     | No. 111645      |
| v.                                   | :   |                 |
| DANIEL NOWAK,                        | :   |                 |
| Defendant-Appellant.                 | :   |                 |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 16, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-942702

### *Appearances:*

Witschey, Witschey & Firestine Co., LPA, Frank J. Witschey, and Jay E. Krasovec, *for appellee.*

Connick Law LLC and Thomas J. Connick, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant, Daniel Nowak ("Nowak"), appeals the trial court's judgment dismissing his counterclaim, and other issues. For the following reasons, we dismiss the appeal for lack of a final appealable order.

## Factual and Procedural History

{¶ 2}  Appellee ROE Dental Laboratory, Inc. ("ROE") is a full-service dental laboratory that manufactures fixed and removable dental implants and a variety of dental prosthetics and surgical guides for implantation by dentists and oral surgeons throughout the United States.  It is an Ohio corporation with principal offices in Cuyahoga County.  Nowak worked for ROE as its national sales manager from February 2017 to approximately January 2019.  On behalf of ROE, Nowak sold its products and services.  At all times that Nowak worked for ROE, he resided in Oceanside, California.

{¶ 3}  As part of his employment, ROE required Nowak to sign a confidentiality and noncompetition agreement (the "Agreement").  The Agreement included the following clause:

> This Agreement was made in the State of Ohio and shall be governed and construed under the laws thereof.  Any suit or legal proceeding concerning this Agreement shall be brought in the Cuyahoga County, Ohio Common Pleas Court.

{¶ 4}  On January 8, 2021, after Nowak ceased working for ROE, ROE filed suit against Nowak.  ROE's complaint charged 1) breach of contract; 2) tortious interference with business relations; 3) unfair competition; and 4) misappropriation of trade secrets; ROE also requested injunctive relief.  These claims stemmed from Nowak's alleged violation of the terms of the Agreement.

{¶ 5}  Nowak requested leave to file his second amended answer and counterclaim on August 13, 2021, which was granted by the court.  Nowak alleged in

an affirmative defense that the trial court lacked personal jurisdiction over him. The counterclaim requested declaratory judgment that, as a resident of California, California Labor Code section 925 ("CA Labor 925") governed choice of law and venue in this case.

{¶ 6} CA Labor 925 provides, in relevant part:

(a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:

(1) Require the employee to adjudicate outside of California a claim arising in California.

(2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

(b) Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute.

{¶ 7} The trial court elected to address the venue, choice of law, and jurisdictional issues prior to addressing the rest of the claims. Accordingly, on August 18, 2021, the court issued a discovery schedule that allowed limited discovery on those issues to be completed by October 18, 2021. Dispositive motions were to be filed by November 1, 2021.

{¶ 8} Nowak subsequently obtained new counsel who requested an extension of the deadlines for 120 days. The trial court partially granted the motion extending the discovery deadline to December 15, 2021, and the dispositive motion deadline to January 10, 2022, over ROE's objection. The court also noted that no further extensions would be granted absent exigent circumstances.

{¶ 9} ROE filed its brief regarding personal jurisdiction on November 8, 2021. Nowak requested an extension of time to file his response, which was granted. Nowak issued a notice of deposition for ROE's corporate representative on December 1, 2021. The notice scheduled the deposition for December 10, 2021, and requested documents related to his counterclaim and personal jurisdiction.

{¶ 10} On December 10, 2021, B.J. Kowalski ("Kowalski"), ROE's CEO appeared for the deposition. Kowalski and counsel for ROE indicated that the timing of Nowak's notice did not give them sufficient time to collect all the documentation requested; however, they would be able to produce the documents within 28 days as required by the civil rules. During his deposition, Kowalski was unable to answer some questions because the company was still collecting documents. Nevertheless, Kowalski identified several employees, including Alan Banks ("Banks"), ROE's Vice President for Client Communications, who were assisting in gathering the requested documents. Banks was not called to give a deposition at that time, nor had Banks provided any affidavit at that point.

{¶ 11} On January 17, 2022, ROE filed a supplement to its motion, and also requested summary judgment on the issue of personal jurisdiction. ROE attached an affidavit from Banks along with several exhibits Banks collected documenting Nowak's travel while working for ROE. On January 18, 2022, Nowak filed a combined motion responding to ROE's motion regarding personal jurisdiction, requesting summary judgment on his counterclaim and asking the trial court to strike an affidavit from Kowalski attached to ROE's motion. In addition to

requesting summary judgment on his counterclaim, Nowak asked the court to dismiss the case due to a lack of personal jurisdiction.

{¶ 12} On January 18, 2022, Nowak filed a notice of deposition of Banks for February 4, 2022. On February 1, 2022, ROE filed a motion to strike the notice of deposition arguing it was untimely and that Nowak failed to establish exigent circumstances to warrant reopening discovery after the trial court's deadline. On February 18, 2022, Nowak filed a reply brief to ROE's supplemental brief and an accompanying motion to strike Banks' affidavit.

{¶ 13} On June 1, 2022, the trial court ruled. It granted ROE's motion for summary judgment on the issue of personal jurisdiction, thereby rendering judgment in favor of ROE on Nowak's counterclaim, and denied Nowak's motion for summary judgment on his counterclaim regarding CA Labor 925.

{¶ 14} The trial court proceeded to review Ohio law on forum-selection clauses and the evidentiary burden of a party opposing the enforcement of such a clause. The court ultimately found that the forum-selection and choice-of-law clause did not violate Ohio law. Additionally, after doing a thorough review of both California law and the evidence presented by the parties, the trial court determined that the forum-selection clause did not violate CA Labor 925. Specifically, the court found that the evidence established that Nowak primarily worked outside of California and that the claimed injury in this case occurred in Ohio. Finally, the trial court found that it had personal jurisdiction over Nowak because the facts satisfied

the requirements of both Ohio's long-arm statute and constitutional due process considerations.

{¶ 15} Based on its ruling, the trial court granted ROE's motion to strike the deposition notice of Alan Banks, finding Nowak's request to be moot. The court further noted in its entry that there was "[n]o just cause for delay." After Nowak filed a notice of appeal, the trial court stayed the case pending the decision from this court.

{¶ 16} Nowak appeals and assigns the following errors for our review:

**Assignment of Error No. 1**

The trial court erred in denying appellant's motion for summary judgment and granting summary judgment in favor of appellee.

**Assignment of Error No. 2**

The trial court erred by striking Alan Banks' notice of deposition thereby mooting appellant's Ohio Civ.R. 56 motion for continuance to take deposition of Alan Banks in order to properly respond to appellee's motion for summary judgment.

**Assignment of Error No. 3**

The trial court erred in finding that California law did not apply in accordance with CA Labor 925

**Assignment of Error No. 4**

The trial court erred by not striking Alan Banks' self-serving affidavit submitted in support of appellee's summary judgment.

## Appellate Jurisdiction

{¶ 17} Preliminarily, we must examine whether we have jurisdiction to hear this case. Even when the parties do not raise jurisdiction as an issue, appellate

courts must address the issue when jurisdiction seems uncertain. *Kohout v. Church of St. Rocco Corp.*, 8th Dist. Cuyahoga No. 88969, 2008-Ohio-1819, ¶ 4.

{¶ 18} The instant case raises several issues. First, the trial court ruled in favor of ROE on Nowak's counterclaim. Nowak's counterclaim argued that CA Labor 925 applied to him, requiring the case to be heard in California and for California law to apply. Second, the trial court determined that it had personal jurisdiction over Nowak pursuant to both Ohio and California law. Finally, the trial court made rulings on Nowak's motion to strike Banks' affidavit and the notice of deposition to Banks. Despite these rulings, the majority of the case, specifically all of ROE's claims, remain pending before the trial court. Accordingly, we must determine whether the trial court's decision is a final appealable order.

{¶ 19} A final appealable order exists only when it meets "the requirements of both R.C. 2505.02, and, if applicable, Civ.R. 54(B) * * *." *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 15, quoting, *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5.

{¶ 20} R.C. 2505.02(B) provides, in relevant part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

* * *

{¶ 21} We will begin by examining the trial court's ruling on Nowak's counterclaim. In his counterclaim, Nowak requested a declaratory judgment that pursuant to CA Labor 925, the forum-selection and choice-of-law clause in the Agreement did not apply to him and was void. Therefore, he alleges that California was the proper venue and that California law governed ROE's complaint. The trial court disagreed, finding that Ohio law governed and that the court had venue over the matter. By this ruling, the trial court found in favor of ROE on Nowak's counterclaim, ending that portion of the case.

{¶ 22} When a trial court enters final judgment as to one or more but fewer than all of the claims, Civ.R. 54(B) becomes applicable. Civ.R. 54(B) provides

When more than one claim for relief is presented in an action whether as a claim, counterclaim, crossclaim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

{¶ 23} A trial court's application of Civ.R. 54(B) by including the language "no just reason for delay" in its order, is tantamount to a factual finding that an

interlocutory order should be immediately appealable, "in order to further the efficient administration of justice and to avoid piecemeal litigation or injustice attributable to delayed appeals." *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, ¶ 11; *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 617 N.E.2d 1136 (1993).

> "[W]here the record indicates that the interests of sound judicial administration could be served by a finding of 'no just reason for delay,' the trial court's certification determination must stand." [*Wisintainer* at 355]. Where, however, the interests of judicial economy are not served by immediate appeal, a trial court's Civ.R. 54(B) finding is "subject to reversal. [*Third Fed. S. & L. v. Krych,* 8th Dist. Cuyahoga No. 99762, 2013-Ohio-4483, ¶ 7], citing *Hill v. Hughes*, 4th Dist. Ross No. 06CA2917, 2007-Ohio-3885, ¶ 8.

*Rae-Ann Suburban, Inc. v. Wolfe*, 8th Dist. Cuyahoga No. 107536, 2019-Ohio-1451, ¶ 15.

{¶ 24} Finally, the trial court's order must be final in order for Civ.R. 54(B) to render it appealable. *Altenheim v. Januszewski*, 8th Dist. Cuyahoga No. 105860, 2018-Ohio-1395, ¶ 10, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989), citing *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255, 444 N.E.2d 1068 (9th Dist.1981).

{¶ 25} Consequently, we must examine the trial court's order to determine whether it was final as defined in R.C. 2505.02(B). A review of R.C. 2505.02(B)(1) shows that it does not apply, because the trial court's decision regarding venue "does not determine the action or prevent a judgment." *GE Capital Corp. v. Golf Club of Dublin, LLC*, 187 Ohio App.3d 420, 2010-Ohio-2143, 932 N.E.2d 401, ¶ 38 (5th

Dist.), quoting R.C. 2505.02(B)(1); *GrafTech Internatl. Ltd. v. Pacific Emp. Ins. Co.*, 2016-Ohio-1377, 62 N.E.3d 1031, ¶ 8 (8th Dist.). "The question of venue or choice of forum is procedural and does not decide a party's claims." *Id*; *see also, Duryee, v. Rogers*, 8th Dist. Cuyahoga No. 74963, 1999 Ohio App. LEXIS 6043 (Dec. 16, 1999).

{¶ 26} Similarly, "a choice of law determination is not one that 'in effect determines the action and prevents a judgment.'" *GrafTech Internatl. Ltd.* at *id*. quoting R.C. 2505.02(A)(1). Here, the trial court limited its review to the issues of venue, choice of law, and personal jurisdiction. Nowak is still able to defend against ROE's claims, albeit not under California law in this forum. Furthermore, we note that Nowak has simultaneously initiated legal action in California. Therefore, because the trial court's decision regarding venue and choice of law does not determine the action or preclude final judgment, it is not a final appealable order under R.C. 2505.02(B)(1).

{¶ 27} Likewise, R.C. 2505.02(B)(2) does not apply. R.C. 2505.02(B)(2) defines a final appealable order as one that "affects a substantial right made in a special proceeding[.]" A declaratory judgment action is one such special proceeding. *GrafTech Internatl. Ltd.* at ¶ 9 , citing *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, ¶ 21. A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.01(A)(1). "'An order which affects a substantial right has been perceived to be one which, if not

immediately appealable, would foreclose appropriate relief in the future.'" *GrafTech Internatl. Ltd.* at ¶ 9, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 616 N.E.2d 181 (1993).

{¶ 28} Courts have found that a decision granting or denying a request for change of venue is not a final appealable order because the decision can be appealed after final judgment. *See State ex rel. Right to Life Action Coaliton of Ohio v. Capital Care of Toledo, LLC,* 6th Dist. Lucas No. L-21-1177, 2022-Ohio-3266, ¶ 51; *In re R.S.H.-F.*, 2021-Ohio-4679, 185 N.E.3d 529, ¶ 6 (2d Dist.); *Buxton v. Mancuso*, 5th Dist. Knox No. 09 CA 22, 2009-Ohio-6839, ¶ 13; Civ.R. 3(H) ("No order, judgment, or decree shall be void or subject to collateral attack solely on the ground that there was improper venue; however, nothing here shall affect the right to appeal an error of court concerning venue.").

{¶ 29} Similarly, the trial court's decision with respect to choice of law is subject to review on direct appeal after final judgment as well. *See GrafTech Internatl. Ltd. v. Pacific Emp. Ins. Co.* at ¶ 9. Accordingly, the trial court's decision with respect to venue and choice of law is not a final appealable order under R.C. 2505.02(B)(2). The order does not affect a substantial right that will be unprotected unless Nowak is allowed to immediately appeal.

{¶ 30} We next turn to R.C. 2505.02(B)(4), which allows a litigant to appeal the trial court's decision on a provisional remedy. Without addressing whether venue or choice of law qualify as provisional remedies, a ruling on a provisional remedy is a final appealable order only if "[t]he appealing party would not be

afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4)(b). As we have already discussed, the trial court has not yet made any determination on the remaining claims in the case. Further, Nowak can still appeal venue and choice of law once a final judgment is reached. Consequently, the trial court's order is not a final order under R.C. 2505.02(B)(4).

{¶ 31} Finally, the remaining sections of R.C. 2505.02 do not apply. This case does not involve an order that vacates or sets aside a judgment or grants a new trial (R.C. 2505.02(B)(3)); or an order that determines class action status (R.C. 2505.02(B)(5)); or an order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 (R.C. 2505.02(B)(6)). Consequently, the trial court's order regarding Nowak's counterclaim is not a final appealable order under R.C. 2505.02 and the addition of Civ.R. 54(B) language does not change that. Accordingly, since we lack a receipt of a final appealable order to review, we do not have jurisdiction to consider the trial court's dismissal of Nowak's counterclaim.

{¶ 32} We must now address the trial court's remaining rulings, beginning with the finding that it had personal jurisdiction over Nowak. This court has found that the denial of a motion to dismiss for lack of personal jurisdiction is not a final, appealable order, generally. *Nejman v. Charney*, 8th Dist. Cuyahoga No. 102584, 2015-Ohio-4087, ¶ 5, citing *Bressan v. Secura Ins. Co.*, 8th Dist. Cuyahoga No. 64997, 1994 Ohio App. LEXIS 1800 (Apr. 28, 1994). Noting that "an error in deciding personal jurisdiction can be corrected after the final judgment," we held

that such a decision "does not conclusively determine the action with respect to a provisional remedy" and therefore it is not a final appealable order under R.C. 2505.02(B)(4). *Id.* at ¶ 15-19. Given the posture of this case, the trial court's decision regarding personal jurisdiction is not a final appealable order.

{¶ 33} Finally, the trial court's remaining orders are evidentiary in nature. Nowak objects to the trial court's decision to strike his notice of deposition for Banks and to its order refusing to strike Banks' affidavit. This court has found that "a ruling on a motion to strike is an interlocutory order and is not immediately appealable." *Marc Glassman, Inc. v. Fagan*, 8th Dist. Cuyahoga No. 87164, 2006-Ohio-5577, ¶ 11, citing *Our Lady of Angels Apts. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 66733, 1994 Ohio App. LEXIS 5672 (Dec. 15, 1994). This is so because the trial court may revise its ruling at any time prior to final judgment. *Id.*, citing Civ.R. 54(B); *Kocijan v. S & N*, 8th Dist. Cuyahoga No. 80414, 2002-Ohio-3775. The orders will merge with the final judgment and become appealable at that time. *Id.*, citing *MacConnell v. Safeco Prop.,* 2d Dist. Montgomery No. 21147, 2006-Ohio-2910. Consequently, the trial court's rulings here are not final and appealable and the appeal must be dismissed as to them.

{¶ 34} Accordingly, this appeal is dismissed.

It is ordered that appellees recover from appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR