[Cite as *Cincinnati v. Ohio*, 2018-Ohio-4498.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THE CITY OF CINCINNATI, | : | APPEAL NO. C-170593 |
| | | TRIAL NO. A-1701966 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | : | |
| THE STATE OF OHIO, | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Vacated

Date of Judgment Entry on Appeal: November 7, 2018

*Paula Boggs Muething*, City Solicitor, *Marion E. Haynes* and *Andrew W. Garth,* Chief Counsel, for Plaintiff-Appellee,

*Michael DeWine*, Ohio Attorney General, *Sarah E. Pierce* and *Renata Y. Staff,* Assistant Attorneys General, for Defendant-Appellant.

**MILLER, Judge.**

{¶1}  The state of Ohio challenges the trial court's judgment that certain provisions of 2016 S.B. 331 ("S.B. 331") violated the "single-subject" rule in Article II, Section 15(D) of the Ohio Constitution.  In one assignment of error, the state contends (1) that the trial court erred in holding that the provisions challenged by the city did not fall within the bill's single subject of, according to the state, creating uniform business regulations across Ohio; and (2) that the trial court inappropriately severed unchallenged provisions of S.B. 331.  The state's first argument is moot.  The second has merit.

{¶2}  Those parts of S.B. 331 challenged by the city, collectively referred to as the bill's "Small Cell Provisions," amended R.C. Chapter 4939.  These amendments are no longer in effect.  All have been replaced or repealed by 2018 H.B. 478, effective August 1, 2018.  It is well-established that "[t]he role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cryan v. Cryan,* 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37.  Since the challenged provisions are no longer in effect, the first issue raised by the city is moot and we do not address it.

{¶3}  The trial court also struck as unconstitutional several provisions that had not been challenged by the city.  This included S.B. 331's amendments to R.C. 4111.02, the minimum wage statute, and enactment of R.C. 4113.85, which relates to employer-employee relations.  Article IV, Section 4(B) of the Ohio Constitution gives the courts of common pleas original jurisdiction "over all justiciable matters"

properly before them. Justiciability is a concept related to mootness, in that there must be an actual controversy between the parties. *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97-98, 296 N.E.2d 261 (1973); *Waldman v. Pitcher*, 70 N.E.3d 1025, 2016-Ohio-5909, ¶ 20-21 (1st Dist.). "Actual controversies are presented only when the plaintiff sues an adverse party." *State ex rel. Barclays Bank PLC v. Court of Common Pleas of Hamilton Cty.,* 74 Ohio St.3d 536, 542, 660 N.E.2d 458 (1996).

{¶4}  The city did not sue for a judgment concerning the constitutionality of the minimum wage or employer-employee relations law enacted by S.B. 331. Hence, there was no justiciable controversy relating to those provisions, and the trial court was without authority to rule on their constitutionality. *See Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 79 (where only three specific statutes within a bill had been challenged under the single-subject rule, the court could not determine whether the bill violated the single-subject rule as a whole).

{¶5}  We therefore sustain the state's assignment of error, in part, and vacate the trial court's judgment.

Judgment vacated.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.