[Cite as *Cleveland v. State*, 2019-Ohio-315.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106688**

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**STATE OF OHIO**

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-877584

**BEFORE:** Celebrezze, J., Kilbane, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 31, 2019

**ATTORNEYS FOR APPELLANT**

Bridget C. Coontz
Sarah E. Pierce
Renata Y. Staff
Assistant Attorneys General
Ohio Attorney General Constitution
30 East Broad Street, 16th Floor
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEES**

Barbara A. Langhenry
City of Cleveland
Director of Law
BY:    Gary S. Singletary
          Christopher J. Heltzel
Assistant Directors of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077

**For City of Brecksville, Village of Bratenahl, and Village of Glenwillow**

Mark B. Marong
David J. Matty
Shana Samson
Matty Henrikson & Greve, L.L.C.
101 Lakeside Ave., East, Suite 1410
Cleveland, Ohio 44113

**For CTIA --- The Wireless Association**

Kathleen M. Trafford
Porter Wright Morris & Arthur, L.L.P.
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115

Andrew C. Emerson
L. Bradfield Hughes
Porter Wright Morris & Arthur, L.L.P.
Huntington Center
41 South High Street

Columbus, Ohio 43215

J. Philip Calabrese
950 Main Avenue, Suite 500
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, the state of Ohio, appeals the trial court's judgment on the motion for summary judgment filed by plaintiffs-appellees, the city of Cleveland, et al., (hereinafter collectively "appellees"). The state argues that the trial court erred in ruling that Senate Bill 331 ("S.B. 331") violated the "one-subject" rule pursuant to Article II, Section 15(D) of the Ohio Constitution. After a thorough review of the record and law, this court vacates the trial court's judgment.

## I. Factual and Procedural History

{¶2} S.B. 331 was initially introduced to the Ohio Senate on May 17, 2016, as a bill to amend sections of R.C. Chapter 956, which as a whole, consists of regulations and licensing of dog kennels. S.B. 331 originally aimed to regulate the sale of dogs from pet stores and dog retailers, and to also require the Ohio Department of Agriculture to license pet stores. S.B. 331 has been commonly referred to as the "Petland bill" and is named after the retail pet store by the same name. On May 25, 2016, the Ohio Senate voted to pass S.B. 331. S.B. 331 then went on to the Ohio House of Representatives where it was not voted upon until December 7, 2016.[1]

{¶3} On December 7, 2016, the House Finance Committee added additional provisions to S.B. 331 that included: residency requirements for county humane society agents; criminalizing

---

[1] The December 7, 2016 session of the House of Representatives was a "lame duck" session in that it took place after the 2016 general elections.

bestiality, cockfighting, bearbaiting; implementing statewide minimum wage requirements, statewide rules establishing that the relationship between employer and employee is not subject to local regulation; and adopting statewide rules for micro-wireless "5G" telecommunications equipment (known as the "small cell wireless provision"). The final version of S.B. 331 included the following topics as set forth in the title of S.B. 331:

> To amend sections 956.01, 956.03, 956.04, 956.12, 956.13, 956.14, 956.15, 956.18, 959.15, 959.99, 1717.06, 4111.02, 4939.01, 4939.02, 4939.03, and 4939.08; to enact sections 956.051, 956.181, 956.19, 956.20, 956.21, 956.22, 956.23, 956.99, 959.21, 4113.85, 4939.031, 4939.032, 4939.033, 4939.035, 4939.037, 4939.038, 4939.039, 4939.0311, 4939.0313, 4939.0315, 4939.0317, 4939.0319, 4939.0321, 4939.0325, and 4939.0327 of the Revised Code; and to amend Section 211.10 of Am. Sub. H.B. 64 of the 131st General Assembly to regulate the sale of dogs from pet stores and dog retailers, to require the Director of Agriculture to license pet stores, and to revise the civil penalties applicable to dog breeders and other specified entities; to govern construction and attachment activities related to micro wireless facilities in the public way; to prohibit political subdivisions from establishing minimum wage rates different from the rate required by state law; to generally grant private employers exclusive authority to establish policies concerning hours and location of work, scheduling, and fringe benefits, unless an exception applies; to prohibit a person from engaging in sexual conduct with an animal and related acts, to provide for the seizure and impoundment of an animal that is the subject of a violation, and to authorize a sentencing court to require an offender to undergo psychological evaluation or counseling; to prohibit and establish an increased penalty for knowingly engaging in activities associated with cockfighting, bearbaiting, or pitting an animal against another; to remove the residency requirement for the appointment of an agent to a county humane society; and to make an appropriation.

On December 19, 2016, S.B. 331 was signed into law by Governor Kasich, with an effective date of March 21, 2017.

{¶4} On March 20, 2017, one day prior to the effective date of S.B. 331, the city of Cleveland filed an action in the Cuyahoga County Court of Common Pleas seeking a declaratory judgment, a temporary restraining order, and injunctive relief alleging that the amendments to

R.C. Chapter 4939, the small cell wireless provision, were unconstitutional.[2] The small cell wireless provision aimed to promote the installation of micro-wireless telecommunication facilities in the public rights-of-way managed by appellees and other municipalities. In its complaint, Cleveland argued that the effect of the small cell wireless provision "unconstitutionally preempted, eliminated or severely restricted [its] ability to effectively govern, manage, and control both the use of municipally owned property and the access to public rights of way by public utilities." City of Cleveland complaint at ¶ 45. In addition, Cleveland prayed for the following relief in this action:

(1) The General Assembly's amendments to [R.C.] Chapter 4939 in [S.B. 331] were adopted in violation of the one subject rule Established at Section 15, Article II of the Ohio Constitution,

(2) The General Assembly's amendments to R.C. Chapter 4939 in [S.B. 331] unconstitutionally seek to infringe and preempt [Cleveland's] powers of local self-government bestowed on [Cleveland] and other municipalities by Article XVIII, Section of the Ohio Constitution,

(3) The General Assembly's amendments to R.C. Chapter 4939 in [S.B. 331] do not constitute general law and enforcement against [Cleveland] and other municipalities would be unconstitutional and in violation of Article XVIII, Section of the Ohio Constitution,

(4) Unconstitutional [t]aking [w]ithout [j]ust [c]ompensation,

(5) Unconstitutional [t]aking of [c]ity [o]wned [p]roperty [w]ithout [j]ust [c]ompensation,

(6) Violation of Article II, Section 26 of the Ohio Constitution, Ohio's [u]niformity [c]lause, and

(7) Preliminary and [p]ermanent [i]njunction.

---

[2] Cleveland did not challenge any of the amendments to the other R.C. chapters.

**{¶5}** On March 22, 2017, additional Cuyahoga County municipalities filed a joint motion to intervene in the litigation.[3] These municipalities' motion to intervene was unopposed by the state. The trial court granted this motion to intervene on April 6, 2017.

**{¶6}** An additional party, CTIA — The Wireless Association ("CTIA"), filed a motion to intervene on April 21, 2017. The small cell wireless facilities in question within the small cell wireless provision are installed and operated by CTIA member companies. On June 20, 2017, the trial court denied CTIA's motion to intervene, which this court affirmed on appeal. *Cleveland v. State*, 8th Dist. Cuyahoga No. 106685, 2018-Ohio-4779.

**{¶7}** Thereafter, on June 26, 2017, the trial court held a case management conference at which the parties stipulated to file for summary judgment pertaining to the "one-subject issue" associated with appellees' first claim for relief.

**{¶8}** In its motion for partial summary judgment, appellees argued that the amendments to R.C. Chapter 4939 violated the "one-subject" rule pursuant to Article II, Section 15(D) of the Ohio Constitution. The state in their response to appellees' motion for partial summary judgment argued that S.B. 331 did not violate the "one subject" rule and argued that there existed a common thread throughout the various topics of S.B. 331. More specifically, the state asserted that these various topics were "consistent business regulation[s] unhampered by local regulation[s]." State's response to appellees' motion for partial summary judgment at 16.

**{¶9}** On December 5, 2017, the trial court issued a judgment entry granting appellees' motion for partial summary judgment. In its judgment entry, the trial court found that "no

---

[3] These municipalities include: the city of Brecksville, the village of Bratenahl and the village of Glenwillow.

practical, rational, or legitimate reason for combining these provisions into one act" existed.

The trial court further noted that:

> [P]rohibitions against pet sales, animal fighting, and sexual acts with animals share nothing in common with small cell wireless facilities and equipment or statewide minimum wage provisions and work condition policies. Such combination is classic example of logrolling which is the exact practice the one-subject rule seeks to prevent and is contrary to fair legislative process.
>
> This Court hereby declares that the amendments to [R.C.] Chapter 4939 of the Ohio Revised Code included in S.B. 331 are unconstitutional and were enacted in violation of the one-subject rule established by Section 5(D), Article II of the Ohio Constitution. The Court further finds that those provisions relating to the primary subject of animal welfare shall be retained and the amendments to R.C. 4111.02 and [R.C. Chapter] 4939, and the enactment of R.C. 4113.85 shall be severed from S.B. 331. The remainder of S.B. 331 is valid and enforceable, specifically the provisions amending R.C. 956.01-956.99, 959.15, 959.21, 959.99, and 1717.06, as well as the appropriation in Section 3 to the Department of Agriculture and related entities.
>
> Moreover, to the extent certain provisions in S.B. 331 which have been found to be unconstitutional replaced existing Ohio statutes, the Court finds that the repeal of the previous statutes by Section of S.B. 331 is invalid, as it does not clearly appear that the General Assembly meant the repeal to have effect if the newly amended language was held unconstitutional. For this reason, the statutory language in effect on March 20, 2017, as R.C. 4111.02 and within [R.C. Chapter] 4939 all remain in force and their repeal by Section 2 of S.B. 331 is deemed invalid.

**{¶10}** On January 4, 2018, the state filed the instant appeal challenging the trial court's

December 5, 2017 judgment entry. The state assigns one error for review:

> 1. The trial court erred when it invalidated three Ohio laws by severing certain provisions of Senate Bill 331 under Article II, Section 15(D) of the Ohio Constitution, commonly referred to as the single-subject rule.

## II.   Law and Analysis

### A.   Final Appealable Order

{¶11} As an initial matter, we must determine whether the trial court's judgment is a final appealable order because, at the time that the state filed the appeal, appellees' additional causes of action were, and continue to be, still pending.

{¶12} Ohio courts of appeals have appellate jurisdiction over "final appealable orders." Section 3(B)(2), Article IV, Ohio Constitution.   "If a judgment appealed is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed." *Third Fed. S. & L. v. Krych*, 8th Dist. Cuyahoga No. 99762, 2013-Ohio-4483, ¶ 5, citing *In re S.M.B.*, 8th Dist. Cuyahoga No. 99035, 2013-Ohio-1801, ¶ 4.

> An order of a court is a final appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met. *Chef Italiano Corp. v. Kent State Univ.*, [44 Ohio St.3d 86, 541 N.E.2d 64, (1989)], syllabus. Moreover, an order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. *Noble v. Colwell*, [44 Ohio St.3d 92, 540 N.E.2d 1381 (1989)], syllabus.   An order fully adjudicating a claim and accompanied by a Civ.R. 54(B) determination and direction is final and appealable despite the fact that a counterclaim remains pending.   *Id*. at 94.
>
> R.C. 2505.02 in relevant part defines a final order as "an order affecting a substantial right in an action which in effect determines the action and prevents a judgment."   *Id*. at 88.

*Philpott v. Ernst & Whinney*, 8th Dist. Cuyahoga No. 61203, 1992 Ohio App. LEXIS 5930, 4 (Nov. 25, 1992).

{¶13} As this court noted in a recent opinion, "[t]he Ohio Supreme Court has held that where multiple claims and/or parties exist, an order adjudicating one or more but fewer than all the claims or the rights and liabilities of fewer than all of the parties must meet the requirements

of both R.C. 2505.02 and Civ.R. 54(B) in order to constitute a final appealable order." *Foster v. Foster*, 8th Dist. Cuyahoga No. 106173, 2018-Ohio-1961, ¶ 18, citing *Noble* at 96.

{¶14} In the instant matter, with regards to the first requirement of R.C. 2505.02, the trial court's order granting appellees declaratory judgment deprives the state of remedies that they otherwise would possess. *Chef Italiano Corp.* at 88. Thus, the trial court's order ruling that S.B. 331 is unconstitutional clearly affects a substantial right. Although the state potentially could obtain relief on appellees' additional claims, the trial court's order finding S.B. 331 to be unconstitutional precludes the state from obtaining any relief based on this finding. Therefore, because the trial court's order determines an entire claim arising out of the same set of facts and prevents a judgment in the state's favor on appellees' remaining claims, the granting of partial summary judgment on the declaratory judgment claim is a final order. *Upjohn Co. v. Ohio Dept. of Human Servs.*, 77 Ohio App.3d 827, 831, 603 N.E.2d 1089 (10th Dist.1991).

{¶15} We find that the trial court's order granting appellees' motion for partial summary judgment fully adjudicates the action and prevents a judgment against appellees, satisfying the requirements of R.C. 2505.02. The trial court sufficiently addressed all of the parties' rights with respect to the constitutionality of S.B. 331 by declaring the amendments to R.C. Chapter 4939 unconstitutional. *Dutch Maid Logistics, Inc. v. Acuity*, 8th Dist. Cuyahoga No. 86600, 2006-Ohio-1077, ¶ 10, citing *Accent Group, Inc. v. N. Randall*, 8th Dist. Cuyahoga No. 83274, 2004-Ohio-1455. For all practical purposes, the trial court's judgment determined the action and prevented a judgment in favor of the state. *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, 944 N.E.2d 281, ¶ 12 (10th Dist.). The trial court's order also included an express determination of "no just reason for delay," satisfying the requirements set forth in Civ.R. 54(B).

**{¶16}** Accordingly, we find that the trial court's order granting appellees' motion for partial summary judgment constitutes a final, appealable order because it fully adjudicates appellees' claims and is accompanied by a Civ.R. 54(B) determination and direction. "'When a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order.'" *Id.,* quoting *Dutch Maid Logistics* at ¶ 10. Although, the trial court based its entry of summary judgment on fewer than all of the alternate grounds argued by appellees, this "does not strip the trial court's judgment of finality." *Riverside* at ¶ 13, citing *Young v. Univ. of Akron,* 10th Dist. Franklin No. 06AP-1022, 2007-Ohio-4663.

**{¶17}** Therefore, having found that the trial court's judgment is a final, appealable order, we will address the merits of the appeal.

### B. Severance

**{¶18}** In its sole assignment of error, the state argues that the trial court improperly severed unchallenged provisions of S.B. 331.

**{¶19}** In its December 6, 2017 judgment entry, the trial court ruled that

> [T]he amendments to [R.C. Chapter 4939] included in S.B. 331 are unconstitutional and were enacted in violation of the one-subject rule established by Section 5(D), Article II of the Ohio Constitution. The [c]ourt further finds that those provisions relating to the primary subject of animal welfare shall be retained and the amendments to R.C. 4111.02 and [R.C. Chapter 4939] and the enactment of R.C. 4113.85 shall be severed from S.B. 331. The remainder of S.B. 331 is valid and enforceable, specifically the provisions amending R.C. 956.01-956.99, 959.15, 959.21, 959.99, and 1717.06, as well as the appropriation in Section 3 to the Department of Agriculture and related entities.

The state argues that because appellees only challenged the amendments to R.C. Chapter 4939, the trial court erred when it *sua sponte* severed additional provisions to S.B. 331, notably the amendments to R.C. 4111.02 and 4113.85.

**{¶20}** In support of its argument, the state directs this court's attention to *Groch v. GMC*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377. In *Groch*, the petitioners challenged S.B. 80 under a variety of constitutional arguments, including the one-subject rule. However, we do not find *Groch* directly applicable to the instant matter.

**{¶21}** Even more applicable to the instant matter is the Ohio Supreme Court's previous case *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420. In *Arbino*, the petitioners also challenged S.B. 80 as did the petitioners in *Groch*. In *Arbino*, the petitioners' complaint specifically challenged the constitutionality of four tort reform statutes implemented by S.B. 80. The court found that the review was restricted to the three[4] statutes that the petitioner specifically challenged "[b]ecause the entire enactment [of S.B. 80] was not made an issue" and therefore, the court could not "determine whether it violate[d] the single-subject rule as a whole." *Id.* at ¶ 78-79. The court then declined to rule on the one-subject rule issue. *Id.*

**{¶22}** In accordance with *Arbino*, we find that the trial court incorrectly severed provisions of S.B. 331 that were not challenged by appellees. In their complaint, appellees specifically challenged the amendments to R.C. Chapter 4939 arguing that S.B. 331 was unconstitutional because it violated the one-subject rule. Appellees included the amendments to R.C. 4113.85 and 4111.02 within their one-subject rule analysis both in their complaint and in their motion for summary judgment; however, this inclusion was merely to demonstrate that S.B. 331 did not have a unifying topic in violation of the one-subject rule.

---

[4] The court ruled that the petitioners lacked standing to challenge one of the statutes.

{¶23} Accordingly, the trial court erred by severing the provisions of S.B. 331, the amendments to R.C. 4111.02 and 4113.85, because these were not specifically challenged by appellees.

### C.    One-Subject Rule

{¶24} Although not developed in a separate assignment of error, the state also argues within its sole assignment of error that the trial court erred by declaring S.B. 331 violated the one-subject rule.

{¶25} We note that subsequent to the litigation in the instant matter, the amendments to R.C. Chapter 4939 have been replaced and/or repealed in their entirety by House Bill 478, effective as of August 1, 2018.   Therefore, the amendments to R.C. Chapter 4939 that are the subject of this litigation are no longer in effect.   As such, the state's arguments before this court asserting that the trial court erred when it found that S.B. 331 violated the one-subject rule are now moot.   *See Cincinnati v. State*, 1st Dist. Hamilton No. C-170563, 2018-Ohio-4498, ¶ 2 (where the First District held that the state's appeal challenging the trial court's ruling that S.B. 331 violated the one-subject rule is moot because the challenged provisions of S.B. 331 are no longer in effect).

### III.    Conclusion

{¶26} We agree with the state that the trial court erred when it severed the unchallenged provisions to S.B. 331.   We therefore sustain the state's assignment of error in this respect.   The trial court's judgment severing the unchallenged provisions to S.B. 331, the amendments to R.C. 4111.02 and 4113.85, is vacated.

{¶27} Judgment vacated.

It is ordered that appellant recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
LARRY A. JONES, SR., J., CONCUR