[Cite as *Bexley v. State*, 2019-Ohio-4688.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The City of Bexley, Ohio et al., | : | |
| Plaintiffs-Appellees, | : | |
| | | No. 17AP-465 |
| v. | : | (C.P.C. No. 17CV-2672) |
| State of Ohio, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 14, 2019

**On brief:** *Ice Miller LLP*, *John P. Gilligan*, *Gregory J. Dunn*, *Christopher L. Miller*, *Jeremy M. Grayem*, and *Daniel M. Anderson*, for appellees. **Argued:** *Brian D. Bremer*.

**On brief:** *Dave Yost*, Attorney General, *Sarah E. Pierce*, and *Renata Y. Staff*, for appellant. **Argued:** *Renata Y. Staff*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, State of Ohio, appeals the judgment[1] of the Franklin County Court of Common Pleas finding Senate Bill ("S.B.") 331 violated the single-subject rule contained in Article II, Section 15(D) of the Ohio Constitution and granting the motion for partial summary judgment filed by plaintiffs-appellees, City of Bexley et al., on that basis. For the following reasons, we vacate the trial court judgment.

---

[1] We note that the trial court filed a corrected judgment entry on the same day (June 2, 2017) as its original judgment entry. We will refer to both collectively as the trial court's "judgment" in this case.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}  In March 2017, appellees, 50 Ohio municipalities, filed a complaint against appellant seeking declaratory and injunctive relief pertinent to the "[m]icro [w]ireless [f]acility provisions" in S.B. 331.  (Compl. at 26.)  In the first claim for relief in the complaint, appellees assert the S.B. 331 micro wireless facility provisions violated the single-subject rule under Article II, Section 15(D) of the Ohio Constitution.  Appellees specifically noted their action is aimed solely at the amendments to R.C. Chapter 4939 contained in S.B. 331, and they "do not seek to invalidate any other provision in S.B. 331 and take no position regarding whether S.B. 331 must be invalidated as a whole."  (Compl. at 25, fn. 1.)  Appellees additionally asserted as claims for relief that the S.B. 331 micro wireless facility provisions unconstitutionally impinge on the home rule rights of appellees, effect a taking of appellees' property without just compensation under Article I, Section 19 of the Ohio Constitution, violate the uniformity clause of Article II, Section 26 of the Ohio Constitution, violate equal protection, and violate Article II, Section 15(C) of the Ohio Constitution.  "CTIA - the Wireless Association" ("CTIA") moved to intervene as a defendant and the Humane Society of America moved to participate as an amicus curiae; the trial court granted both requests.

{¶ 3}  On April 28, 2017, appellees moved for partial summary judgment contending the S.B. 331 micro wireless facility provisions violate the single-subject rule. Appellees argued the primary subject of S.B. 331 is the retail sale of dogs and the licensing of pet stores that sell dogs by the Director of Agriculture, and the one-subject rule violation can be remedied by severing the S.B. 331 micro wireless facility provisions.  Both CTIA and appellant filed cross-motions for summary judgment and memorandum in opposition on the single-subject claim.

{¶ 4}  On June 2, 2017, the trial court issued an opinion and judgment entry granting appellees' motion for partial summary judgment on the single-subject rule, denying appellant's and CTIA's cross-motions for summary judgment, and finding no just cause for delay pursuant to Civ.R. 54(B).  Specifically, the trial court held:

> The court holds that the one-subject rule in Ohio Constitution, Art. II, Section 15(D) was violated in the enactment of Sub. S.B. 331 by the 131st General Assembly.  The court further finds that it is appropriate to cure the defect and save certain portions of S.B. 331 that do relate to a single, primary subject

of protecting animal welfare. Accordingly, the court severs the following provisions from the Bill as unconstitutional: amendments to R.C. 4111.02, and Ch. 4939, and the enactment of R.C. 4113.85.

The balance of Sub. S.B. 331 is valid and enforceable, namely provisions amending R.C. 956.01 - 956.99, 959.15, 959.21, 959.99, and 1717.06, together with the appropriation in Section 3 to the Department of Agriculture and related entities.

To the extent that certain provisions in S.B. 331 now held unconstitutional replaced previously existing Ohio statutes, the court further finds that the repeal of the previous statutes by Section 2 of S.B. 331 is invalid, because it does not appear that the General Assembly clearly intended the repeal have effect if new, replacement language was constitutionally invalid. Accordingly, statutory language in effect on March 20, 2017, as R.C. 4111.02, 4113.85, and within Ch. 4939 all remain in force, and their repeal by Section 2 of S.B. 331 is deemed invalid.

(June 2, 2017 Jgmt. Entry at 2; June 2, 2017 Corrected Jgmt. Entry at 1.)

{¶ 5} On June 30, 2017, appellant and CTIA filed appeals, and the appeals were consolidated. After several extensions and a continuance of oral argument requested by the parties, on March 8, 2019, appellant filed a motion to vacate the trial court's June 2, 2017 entry. Appellant contended new legislation enacted after the trial court ruling, House Bill ("H.B.") 478, replaced the provisions challenged by appellees in this action, thereby rendering the trial court judgment moot. Appellant additionally noted the portions of the trial court judgment purporting to invalidate other provisions should be vacated since under *Preterm-Cleveland, Inc. v. Kasich*, 153 Ohio St.3d 157, 2018-Ohio-441, the municipalities do not have standing to challenge the other provisions and appellees in fact did not challenge the other provisions in this case. Appellant cited opinions from two other appellate districts which vacated trial court decisions in nearly identical cases involving S.B. 331.

{¶ 6} Two municipalities filed a memorandum contra appellant's motion to vacate arguing that: H.B. 478 did not invalidate the applicability of S.B. 331 for the period of time spanning the effective date of S.B. 331 (March 21, 2017) and the effective date of the H.B. 478 (August 1, 2018); the issue of the trial court's judgment regarding other provisions and severance is still at controversy; and the issue of severance to single-subject challenges is

capable of repetition but evades review. One other municipality filed a memorandum contra arguing the motion to vacate is an improper procedure. On April 16, 2019, this court denied appellant's motion to summarily vacate the trial court judgment and noted the appeals were fully briefed and would be scheduled for oral argument unless the court was notified the parties resolved the matter.

{¶ 7} On April 29, 2019, CTIA filed a motion to dismiss its own appeal, filed under a separate case number from appellant, due to H.B. 478 mooting the sole basis for its involvement in the matter. This court granted CTIA's motion, dismissed CTIA's appeal, and de-consolidated the two appeals. After two more continuances, oral argument was held on August 13, 2019. A representative from one city argued on behalf of appellees. The representative agreed they did not challenge provisions other than the S.B. 331 micro wireless facility issue and that the trial court probably should not have addressed issues not raised in this action by appellees but argued, procedurally, an appeal should be dismissed as to moot portions.

## II.  ASSIGNMENT OF ERROR

{¶ 8} Appellant assigns the following as trial court error:

> The trial court erred when it invalidated three Ohio laws by
> severing certain provisions of Senate Bill 331 under Article II,
> Section 15(D) of the Ohio Constitution, commonly referred to
> as the single-subject rule.

## III.  LEGAL ANALYSIS

{¶ 9} Under the assignment of error, which was originally submitted and briefed in August 2017, appellant argued the trial court erred in invalidating three Ohio laws by severing certain provisions of S.B. 331 after finding S.B. 331 violated the single-subject rule. In support of the assignment of error, appellant argued both that the trial court erred by finding S.B. 331 violated the single-subject rule and that the trial court erred by imposing an inappropriate remedy by "invalidat[ing] two Ohio laws that were never challenged by [appellees]." (Appellant's Brief at 1.)

{¶ 10} As a preliminary matter, we note that subsequent to the instant litigation, on August 1, 2018, H.B. 478 replaced and/or repealed the amendments to R.C. Chapter 4939, which involved the micro wireless facility provisions challenged here in their entirety. Two

appellate districts have now considered the effect this new legislation has on appeals nearly identical to the case at hand.

{¶ 11} In *Cincinnati v. State*, 1st Dist. No. C-170563, 2018-Ohio-4498, the First District Court of Appeals faced the state's appeal of a trial court judgment finding certain provisions of S.B. 331 violated the single-subject rule. Like in this case, the state challenged both the substantive holding on the single-subject rule as well as the trial court's severance of unchallenged provisions in S.B. 331 (the minimum wage and employer-employee relations provisions). The First District held the first argument, regarding the single-subject rule, to be moot since the alleged offending provisions were repealed or replaced H.B. 478. Therefore, the First District declined to address that issue. The First District then sustained the state's assignment of error to the extent it contended the trial court improperly struck unchallenged portions of S.B. 331, including those related to the minimum wage statute and employer-employee relations. The court reasoned that since the city-appellee did not sue for a judgment concerning the constitutionality of those provisions, there was no justiciable controversy on those issues and the trial court lacked authority to rule on the unchallenged provisions. Therefore, the First District sustained the state's assignment of error, in part, and vacated the trial court's judgment.

{¶ 12} The Eighth District Court of Appeals in *Cleveland v. State*, 8th Dist. No. 106688, 2019-Ohio-315, likewise faced the state's appeal of a trial court judgment finding certain provisions of S.B. 331 violated the single-subject rule. The state again challenged the merits of the trial court's single-subject rule holding and subsequent severance of provisions not raised by the municipalities/appellees. The Eighth District, citing *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, ¶ 78-79, held the trial court erred by severing certain provisions of S.B. 331 (the amendments to R.C. 4111.02 and 4113.85 related to the minimum wage statute and employer-employee relations, respectively) because these provisions were not specifically challenged by appellees. Citing *Cincinnati,* the Eighth District further found the state's argument regarding the merits of the trial court's single-subject rule holding to be moot in light of H.B. 478. Accordingly, the Eighth District sustained the state's assignment of error and vacated the trial court judgment in respect to the improper severance of unchallenged provisions.

{¶ 13} We agree with the First and Eighth Districts.  The S.B. 331 micro wireless facility provisions, embodied in the amendments to R.C. Chapter 4939, are no longer in effect.  Therefore, to the extent appellant argues the trial court erred when it found S.B. 331 violated the single-subject rule, such an argument is now moot.  *Cincinnati* at ¶ 2; *Cleveland*, 2019-Ohio-315, at ¶ 25.  Therefore, we decline to address the merits of appellant's appeal in this regard.

{¶ 14} Furthermore, appellant's assignment of error, which directly opposes the trial court's severance of multiple provisions of S.B. 331, has merit.  Appellees' complaint clearly only challenged S.B. 331 in regard to the micro wireless facility provisions found in the amendments to R.C. Chapter 4939; appellees did not file a complaint and seek a judgment concerning the constitutionality of the minimum wage or employer-employee relations law enacted by S.B. 331.  Appellees argue that, although they "did not challenge any portion of S.B. 331 other than the [m]icro [w]ireless [p]rovisions," the trial court, after finding a single-subject rule constitutional violation, properly severed the unchallenged provisions because those provisions did not relate to the primary purpose of the litigation. (Appellees' Brief at 55.)

{¶ 15} Appellees cite no authority for such a proposition.  Contrary to appellees' position, faced with the same argument, the First and Eighth Districts found the trial court erred by severing the amendments to R.C. 4111.02 and 4113.85 related to the minimum wage statute and employer-employee relations, respectively, because those provisions were not challenged by appellees.  As a result, because "there was no justiciable controversy relating to those provisions, * * * the trial court was without authority to rule on their constitutionality."  *Cincinnati* at ¶ 4.  Both appellate courts found such action by the trial court warranted vacating the trial court judgment.

{¶ 16} Considering all the above and in accord with the First and Eighth Districts, we find the trial court erred by severing unchallenged provisions to S.B. 331. *Cincinnati* at ¶ 3-4; *Cleveland*, 2019-Ohio-315, at ¶ 22-23.  Accordingly, we sustain appellant's assignment of error in respect to the impropriety of the trial court's invalidation of laws not challenged by appellees in this action.

## IV.  CONCLUSION

{¶ 17}  Having sustained appellant's sole assignment of error based on the trial court improperly severing unchallenged provisions of S.B. 331, we vacate the June 2, 2017 judgment of the Franklin County Court of Common Pleas.

*Judgment vacated.*

BRUNNER and BEATTY BLUNT, JJ., concur.

_____