[Cite as *Jackson v. Friedlander*, 2016-Ohio-7503.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| LAURA JACKSON, | : | Hon. W. Scott Gwin, P.J. |
| ADMINISTRATRIX OF | : | Hon. Patricia A. Delaney, J. |
| THE ESTATE OF LARRY A. | : | Hon. Craig R. Baldwin, J. |
| JACKSON, DECEASED | : | |
|  | : | |
| Plaintiff-Appellant | : | Case No. 2016CA00053 |
|  | : | |
| -vs- | : | |
|  | : | O P I N I O N |
| DR. IRA R. FRIEDLANDER, M.D., | | |
| F.A.C.C., ET AL | | |
|  | | |
| Defendants-Appellees | | |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
Common Pleas, Case No.2014CV00718

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     October 24, 2016

APPEARANCES:

For Plaintiff-Appellant

CHARLES KENNEDY
BRYAN BARNARD
111 South Buckeye St., Ste. 270
Wooster, OH 44691

For Defendants-Appellees

RICHARD MILLIGAN
PAUL PUSATERI
4684 Douglas Circle N.W.
Box 35459
Canton, OH 44735

*Gwin, P.J.*

{¶1} Appellant appeals the April 7, 2014 judgment entry of the Stark County Court of Common Pleas denying her motion to reject change of venue.

*Facts & Procedural History*

{¶2} In 2014, appellant Laura Jackson, administratrix of the Estate of Larry Jackson, filed a complaint for wrongful death in Wayne County against appellees Dr. Ira Friedlander, Ohio Physicians Professional Corporation, and Aultman Hospital. Appellant alleged the decedent underwent a procedure at Aultman Hospital in Stark County to implant a pacemaker and that he received negligent post-operative care. The decedent was discharged from Aultman Hospital, traveled to his home in Wayne County, and died of a massive pulmonary embolism.

{¶3} Appellees filed a motion to transfer venue with the Wayne County Common Pleas Court on February 18, 2014. The Wayne County Common Pleas Court granted the motion to transfer on March 5, 2014 and transferred the case to the Stark County Court of Common Pleas.

{¶4} On April 2, 2014, appellant filed a motion to reject change of venue with the Stark County Court of Common Pleas and requested the trial court return the case to Wayne County. Appellant argued since Civil Rule 3(B)(6) states venue is proper in the county where all or part of the claim arose, Wayne County was a proper venue because decedent died in Wayne County and the claim of his estate for wrongful death did not arise until his death. Appellees filed a brief in opposition to appellant's motion. On April 7, 2014, the Stark County trial court issued a judgment entry denying appellant's motion to reject change of venue.

{¶5} The case proceeded to trial and the trial began on February 8, 2016. On February 16, 2016, the jury returned a verdict for appellees. The trial court entered judgment on the verdict on February 18, 2016. Appellant filed a timely appeal. Appellees moved to dismiss the appeal and appellant opposed the motion. Appellant assigned the following as error:

{¶6} "I. THE LOWER COURTS ERRED AS A MATTER OF LAW BY CHANGING VENUE FROM WAYNE COUNTY TO STARK COUNTY IN A WRONGFUL DEATH ACTION WHERE THE DEATH OF THE DECEDENT WAS IN WAYNE COUNTY."

I.

{¶7} In their motion to dismiss and in their appellate brief, appellees argue Civil Rule 3(G) prohibits an attack to the final judgment in this case on the sole basis of venue. Appellant contends Civil Rule 3(G) does not bar her appeal.

{¶8} Civil Rule 3(G) provides as follows:

The provisions of this rule relate to venue and are not jurisdictional. No order, judgment, or decree shall be void or subject to collateral attack solely on the ground that there was improper venue; however, nothing here shall affect the right to appeal an error of court concerning venue.

{¶9} This Court and the Ohio Supreme Court have previously held that the denial or granting of a motion to change venue is not a final, appealable order. *Gray v. Lloyd Ward, P.C.*, 5th Dist. Fairfield No. 13 CA 42, 2014-Ohio-190; *State of Ohio ex rel. Edwards v. Tompkins*, 5th Dist. Muskingum No. CT2010-0035, 2011-Ohio-32; *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 665 N.E.2d 212 (1996). However, the Ohio Supreme Court has also stated that "the civil rules are not just a technicality," the Civil Rules "are a

mechanism that governs the conduct of all parties equally" and this Court "may not ignore the plain language of a rule. *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25.

{¶10} While Civil Rule 3(G) prohibits the voiding of a judgment solely on the issue of improper venue, the same rule preserves the right to appeal from an error of the court regarding venue. The plain language of the rule makes clear that improper venue does not void a valid judgment, but also that nothing in the rule affects the right to appeal an error of court concerning venue. This dichotomy was recognized by the concurring judge in *Davis v. Bernhart*, 8th Dist. Cuyahoga No. 57454, 1990 WL 180654 (Nov. 21, 1990). The concurring judge speculates the underlying cause of the problem may be that Ohio Civil Rule 3 is modeled after Federal Civil Rule 3 and, unlike in the federal system, a change of venue is not a final appealable order in Ohio. *Id.* Further, that a "better approach would be to consider venue as a final appealable order so a party could obtain a direct appeal on the issue of venue that is both meaningful and from an appellate court of the same county." *Id.*

{¶11} In this case, appellant makes no argument challenging the judgment on the merits. She did not file a transcript of the jury trial with her appeal and makes no claim of errors during the jury trial. Despite the lack of challenge to the judgment other than for venue, appellant asks this Court to reverse the judgment of the trial court and remand the case with instructions to transfer it to the Common Pleas Court of Wayne County for further proceedings. Thus, appellant's appeal is not simply an attack on venue, but seeks to set aside the judgment of the jury and would cause the final judgment by the jury and trial court to be void.

{¶12} Thus, while Civil Rule 3(G) provides a right of appeal with regards to venue, this right of appeal is limited by the first phrase of the rule that provides no judgment shall be void solely on the ground of improper venue. Pursuant to Civil Rule 3(G), if appellant had asserted other errors on appeal and this Court remanded the case to the trial court for further proceedings based upon those errors, this Court could also consider a challenge to venue and, on remand, sustain a challenge to venue and transfer the remanded case to the Wayne County Court of Common Pleas. Such a scenario would not violate Civil Rule 3(G), as the final judgment of the Stark County Common Pleas Court would not be voided solely on the issue of improper venue.

{¶13} However, that is not the case in this appeal as appellant does not appeal anything except venue. Thus, a reversal and remand by this Court of the jury's verdict with instructions to transfer the case to the Wayne County Common Pleas Court would constitute voiding the trial court's judgment entry solely on the ground of improper venue, in violation of Civil Rule 3(G), because there is nothing left to do upon remand except transfer the case to Wayne County for a re-trial. Such a reversal and remand would cause the final judgment by the Stark County jury and trial court to be void.

{¶14} The parties disagree on whether this appeal is a "collateral" attack on the decision on venue or a "direct" appeal of decision concerning venue. We find this categorization is not dispositive of the issue in this case. Civil Rule 3(G) prohibits a collateral attack solely on the ground of improper venue; however, the plain language of the rule also contains a separate clause that prohibits the voiding of a judgment solely on the ground of improper venue. The portion of the rule prohibiting the voiding of a judgment solely on the ground of improper venue is not limited to collateral attacks as the rule states

no judgment shall be void *or* subject to collateral attack solely on the ground of improper venue.  Thus, even if appellant's appeal is categorized as a direct appeal, a reversal and remand by this Court of the jury's verdict would constitute voiding the judgment entry solely on the ground of improper venue in violation of Civil Rule 3(G).

{¶15}  Based on the foregoing, we find Civil Rule 3(G) prohibits the instant appeal.

{¶16}  In the second portion of her argument, appellant contends that since death constitutes part of the claim of wrongful death for venue purposes, venue is proper in Wayne County because "part of the claim for relief" arose in Wayne County where decedent died and thus the trial court erred in denying her motion to reject change of venue.  Based upon our analysis above and our determination as to Civil Rule 3(G), we find this portion of appellant's argument moot.

{¶17}  Appellant's assignment of error is overruled.

{¶18} The April 7, 2014 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur