[Cite as *Johnson v. Michael*, 2018-Ohio-234.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DUANE JOHNSON | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| KATHRYN MICHAEL | : | Case No. 2017CA00205 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 2017CV01799


JUDGMENT:        Dismissed


DATE OF JUDGMENT:        January 22, 2018


APPEARANCES:

For Plaintiff-Appellant        For Defendant-Appellee

DUANE JOHNSON, Pro Se        MICHAEL J. DEFIBAUGH
825 Diagonal Road        JOHN CHRISTOPHER REECE
Akron, OH  44320        161 South High Street
Suite 202
Akron, OH  44308

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Duane Johnson, appeals the October 26, 2017 judgment entry of the Court of Common Pleas of Stark County, Ohio, transferring venue to the Court of Common Pleas of Summit County, Ohio.  Defendant-Appellee is Kathryn Michael.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On September 1, 2017, appellant filed a pro se complaint against appellee in the Court of Common Pleas of Stark County, Ohio.  Appellant alleged bare claims for trespass and dereliction of duty, without including any facts regarding the nature of the allegations.

{¶ 3}   On October 5, 2017, appellee filed a motion to transfer venue to Summit County, Ohio.  Appellee explained appellant's claims for relief centered on his arrest by the Akron Police Department for making false alarms and his subsequent prosecution and conviction in the Akron Municipal Court (Case No. 14CRB4243).  Appellee was the presiding judge in his case.

{¶ 4}   On October 12, 2017, appellant filed a response, objecting to the motion for change of venue, but not disputing the explanation given by appellee.  By judgment entry filed October 26, 2017, the trial court granted the motion and transferred the case to Summit County.

{¶ 5}   Appellant filed an appeal.  Appellee filed a motion to dismiss for lack of a final appealable order.  This matter is now before this court for consideration.  As appellant failed to list any assignment of error pursuant to App.R. 16(A)(3), we glean the following assignment from the state of the record:

I

{¶ 6} THE TRIAL COURT ERRED IN GRANTING THE MOTION TO TRANSFER VENUE TO SUMMIT COUNTY.

{¶ 7} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 8} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 9} This appeal shall be considered in accordance with the aforementioned rules.

I

{¶ 10} Appellant claims the trial court erred in granting the motion to transfer venue to Summit County. Appellee argues the appeal should be dismissed because an order transferring a case for lack of venue is not a final appealable order. We agree with appellee.

{¶ 11} To be final and appealable, an order must comply with R.C. 2505.02. Subsection (B) provides the following in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 12} As explained by this court in *Mansfield Family Restaurant v. CGS Worldwide, Inc.* 5th Dist. Richland No. 00-CA-3, 2000 WL 1886226, *2 (Dec. 28, 2000):

The only possible applicable paragraph is paragraph 4, regarding provisional remedies. " 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary

injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). The statutory definition does not specifically refer to proceedings to transfer venue nor are any of the listed proceedings akin to a transfer of venue. See Duryee [v. Rogers, 8th Dist. Cuyahoga No. 74963, 1999 WL 1204875 (Dec. 16, 1999)], supra. The basic purpose of R.C. 2505.02(A)(3) in categorizing certain types of preliminary decisions of a trial court as final, appealable orders is the protection of one party against irreparable harm by another party during the pendency of the litigation. Id. We find that a decision by a trial court to deny a request for change of venue does not involve the same degree of risk of irreparable harm to a party as the decisions made in the types of actions listed under 2505.02(A)(3). The types of provisional remedies listed under 2505.02(A)(3) include decisions that, made preliminarily, could decide all or part of an action or make an ultimate decision on the merits meaningless or cause other irreparable harm. For instance, a preliminary injunction could be issued against a high school football player preventing him from playing football his senior year based on recruiting violations. The trial court could grant the attachment of property for which the owner has a ready buyer. Discovery of privileged material could force a person to divulge highly personal and sensitive information. If evidence critical to the prosecution of a criminal case is suppressed, the state could lose any meaningful chance at successful prosecution of a criminal. The decision to deny a change of venue does not result in any of the types of irreparable harm just listed.

There is an adequate legal remedy from a decision denying a change of venue, after final judgment. In other words, it may be expensive to get the cat back in the bag, if a trial court errs when it denies a change of venue, but it can be done. Whereas, when the types of decisions listed in 2505.02(A)(3) are made, the cat is let out of the bag and can never be put back in. Therefore, denial of a request to change venue is not a final, appealable order.

{¶ 13} The case sub judice involves not the denial, but the granting of a change of venue. As noted by this court in *Jackson v. Friedlander,* 5th Dist. Stark No. 2016CA00053, 2016-Ohio-7503, ¶ 9:

This Court and the Ohio Supreme Court have previously held that the denial or granting of a motion to change venue is not a final, appealable order. *Gray v. Lloyd Ward, P.C.,* 5th Dist. Fairfield No. 13 CA 42, 2014-Ohio-190; *State of Ohio ex rel. Edwards v. Tompkins,* 5th Dist. Muskingum No. CT2010-0035, 2011-Ohio-32; *State ex rel. Lyons v. Zaleski,* 75 Ohio St.3d 623, 665 N.E.2d 212 (1996).

{¶ 14} Based upon the foregoing, we find the judgment appealed from is not a final appealable order. Appellee's motion to dismiss is granted.

{¶ 15} This appeal is dismissed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.


EEW/db 18