[Cite as *Thompson v. Bingham Greenbaum Doll, L.L.P.*, 2019-Ohio-2123.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| ROBERT THOMPSON, ET AL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiffs-Appellants | : | Hon. Earle E. Wise, J., |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18 CAE 11 0089 |
| BINGHAM GREENEBAUM DOLL | : |  |
| LLP | : |  |
|  | : | OPINION |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Delaware County
Court of Common Pleas, Case No. 17 CV A
07 0416

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 24, 2019

APPEARANCES:

For Plaintiffs-Appellants

ROBERT & BARRY THOMPSON, PRO SE
5819 Natureview Lane
Dublin, OH 43017

For Defendant-Appellee

JOHN SCOTT
2050 Fourth & Vine Tower
Cincinnati, OH 45202

*Gwin, P.J.*

{¶1}    Appellants Barry and Robert Thompson appeal the judgment entries of the Delaware County Court of Common Pleas: granting appellee Bingham Greenebaum Doll LLP's motion for summary judgment, denying the Thompsons' motion for sanctions, and denying the Thompsons' motion to compel against non-party Huntington Bank.

*Facts & Procedural History*

{¶2}    Appellants Barry and Robert Thompson ("the Thompsons") filed a complaint against appellee Bingham Greenebaum Doll LLP ("BGD") in the Franklin County Court of Common Pleas on March 14, 2017.  The complaint alleges the Thompsons hired BGD to represent them in three legal matters:   *Tarullo v. Thompson* in the Delaware County Common Pleas Court; *Ceres Protein, LLC v. Thompson Mechanical & Design* in the United States District Court for the Western District of Kentucky; and to represent them with regards to intellectual property matters pending at the United States Patent and Trademark Office.   The Thompsons alleged BGD's representation fell below the applicable standard of care and BGD was negligent.  BGD filed an answer on April 13, 2017.

{¶3}    BGD filed a motion to change venue.  BGD alleged proper venue for this case lies either in Delaware County, where the alleged malpractice occurred, or Hamilton County, where BGD is located, not in Franklin County, as the only averment in the complaint regarding Franklin County is that the Thompsons are residents of Franklin County.  BGD noted all work performed by BGD with regards to the Thompsons' intellectual property was performed in their Indiana office.

{¶4} The Franklin County Court of Common Pleas issued a judgment entry granting the motion for change of venue on June 8, 2017, transferring the case to the Delaware County Common Pleas Court. The trial court noted the motion was unopposed, as the Thompsons did not file a brief in opposition within fourteen days as set forth as the response time in Local Rule 21. The trial court found Civil Rule 3(C)(3) is not applicable in this case because the complaint fails to allege any action taken by BGD in Franklin County and because the Thompsons allege the malpractice occurred in Delaware County and Kentucky. The trial court examined whether the signing or execution of agreements in Franklin County made venue proper in Franklin County pursuant to Civil Rule 3(C)(6). The trial court found the act of signing an agreement in Franklin County is not sufficient to establish venue in Franklin County when the alleged negligence occurred in Delaware County. The trial court found BGD met its burden pursuant to Civil Rule 3(D)(1) to establish that venue is not proper in Franklin County and that while venue lies in both Hamilton County and Delaware County, under the facts and circumstances of the case, Delaware County is the most appropriate venue.

{¶5} After the trial court issued its entry granting the motion for change of venue, the Thompsons filed a motion to vacate the trial court's entry granting change of venue. BGD filed a memorandum in opposition to the Thompsons' motion to vacate. The Thompsons filed an objection on July 17, 2017, objecting to any argument or hearing in this case being conducted in Delaware County. On July 17, 2017, the Franklin County trial court issued an entry finding the Thompsons' objections moot because the case had been transferred to the Delaware County Court of Common Pleas.

**{¶6}** The Thompsons filed an affidavit of disqualification against the trial judge in Delaware County on July 11, 2017. The Chief Justice of the Ohio Supreme Court denied the affidavit of disqualification on July 31, 2017 and found the case could proceed before the trial court judge in Delaware County.

**{¶7}** The trial court issued a scheduling entry on November 14, 2017. The scheduling entry provides that each party shall identify the name of each expert witness to be called at trial and state the subject matter on which the expert is expected to testify no later than February 15, 2018 and that any party may designate additional expert witnesses for rebuttal by March 16, 2018. The entry further provides all expert's reports shall be provided within sixty days of the disclosure of the expert and that, "a party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel." The discovery deadline set forth in the scheduling entry is August 31, 2018. As to motions to compel, the entry provides, "prior to filing a motion to compel discovery, the parties shall have discussed the issue with opposing counsel and, if no resolution, shall contact the Judge's Office to discuss the issue with either the Judge or Magistrate." The trial court set the dispositive motion deadline for September 14, 2018.

**{¶8}** The Thompsons filed a motion to compel against non-party Huntington National Bank ("Huntington"). The Thompsons alleged Huntington failed to respond to a subpoena issued by the Thompsons. Huntington filed a memorandum in opposition on November 9, 2017. The Thompsons filed a reply on December 18, 2017. On February 12, 2018, the trial court denied the Thompsons' motion to compel with regard to Huntington Bank. The trial court concluded Huntington met its burden of demonstrating

compliance with subpoena requests one through six, and subpoena request seven is overbroad and would create an undue burden on Huntington. The trial court found the Thompsons did not adequately narrow their discovery requests to issues relevant to this lawsuit only, specific people, contact information, and/or specific date ranges.

{¶9} On February 15, 2018, BGD filed its disclosure of expert witnesses. BGD filed its experts' reports on April 16, 2018.

{¶10} BGD filed a motion for summary judgment on August 30, 2018. BGD argued in its motion that: legal malpractice claims must be supported by expert testimony regarding the alleged deviation from the standard of care unless the breach is within the ordinary knowledge of lay people; the Thompsons have no expert testimony to support their claims; and the time to identify experts and produce reports has passed.

{¶11} Attached to BGD's motion for summary judgment is the affidavit and expert report of Attorney Thomas Burger ("Burger"), a patent attorney. Burger opined that BGD did not breach any duty to the Thompsons, as there was no failure and no representation below the standard of care. Further, that the Thompsons are not able to establish a causal connection between the alleged malpractice and the money damages allegedly arising therefrom.

{¶12} Also attached to BGD's motion for summary judgment is the affidavit and expert report of Attorney Thomas Hill ("Hill"). Hill opined, to a reasonable degree of certainty, that BGD did exercise the degree of skill and learning normally applied by members of the legal profession and there was no causal connection between the event complained of and the resulting damage or loss in either the Delaware County case or the Kentucky case.

{¶13} BGD attached the affidavit and expert report of Robert Hojnoski ("Hojnoski") to its motion for summary judgment. Hojnoski opined that, as to the Delaware County case and the Kentucky case, BGD met or exceeded the standard of care with respect to their prior representation of the Thompsons and that neither Attorney Donnellon, nor Attorney Rodger, nor any representative of BGD, caused any damage or harm to the Thompsons. Hojnoski stated, "although it is somewhat difficult to understand the basis for Thompson's actions against BGD, it is my opinion that all damages/losses claimed by Thompson against BGD were caused by the conduct, acts or omissions of Barry and/or Robert Thompson" and that "such damages were not reasonably preventable or avoidable by BGD." Hojnoski opined the Thompsons' claims against BGD have no merit and are borderline frivolous.

{¶14} The Thompsons filed a memorandum in support of their own motion for summary judgment and memorandum in opposition to BGD's motion for summary judgment on September 14, 2018. The Thompsons argued no expert testimony is required because any layperson could understand the issues in this case. Further, that summary judgment is inappropriate because BGD failed to respond to discovery requests and because BGD's motion for summary judgment was an "unfair surprise." Barry Thompson and Robert Thompson each filed an affidavit in support of their motion for summary judgment on September 14, 2018. In their affidavits, Barry and Robert provide details of their relationship with Michael Tarullo, the litigation in Delaware County and in the Kentucky courts, their efforts to obtain a patent, and their communication and interaction with attorneys involved in their business transactions and litigation.

{¶15} The Thompsons filed a motion for sanctions against BGD on September 17, 2018. The Thompsons sought the following sanctions against BGD for the failure to comply with their July 5, 2018 discovery request: prohibiting BGD from introducing their expert reports into evidence; striking BGD's answer; striking BGD's expert reports; immediate dismissal of BGD's motion for summary judgment; finding BGD in contempt of court; and financial sanctions against BGD. BGD filed a memorandum contra to the Thompsons' motion for sanctions on October 1, 2018, stating BGD provided responses to the discovery on September 4, 2018, as evidenced by a certificate of mailing from the United States Postal Service. The Thompsons filed a reply on October 11, 2018.

{¶16} BGD filed a memorandum in opposition to the Thompsons' motion for summary judgment on September 28, 2018. The Thompsons filed a reply to their motion for summary judgment on October 1, 2018. BGD filed a reply in support of its motion for summary judgment on October 2, 2018.

{¶17} The trial court issued a judgment entry on October 17, 2018. As to the motions for summary judgment, the trial court found the issues asserted by the Thompsons require expert analysis and this is a case that "perfectly illustrates why expert testimony in a legal malpractice case is essential." The trial court stated BGD submitted the following affidavits: the affidavit of Hojnoski, who opined that Attorneys Donnellon and Rodger met or exceeded the standard of care and neither attorney, nor any other representative of BGD caused harm to the Thompsons; the affidavit of Hill, who provided a comprehensive description of and analysis of the Thompsons' complaints about BGD and opined that BGD attorneys exercised the degree of skill and learning normally applied by members of the legal profession and there was no causal connection between the

conduct of BGD attorneys and any damage or loss to the Thompsons; and the affidavit of Burger, a patent attorney, who opined that the Thompsons are unable to establish that anything BGD attorneys did breached a duty or that there was a causal connection between BGD's acts and the Thompsons' claimed damages. The trial court further stated that the Thompsons only provided their own individual affidavits, in which they describe the details of their relationship with Michael Tarullo, their previous litigation in this Court and in the Kentucky case, their efforts to obtain a patent, and their communications and interactions with attorneys who have been involved in their business transactions and litigation. The trial court concluded the affidavits by the Thompsons, in the absence of expert testimony to corroborate their averments, are not sufficient to establish the existence of material fact to overcome a motion for summary judgment. The trial court thus granted BGD's motion for summary judgment and denied the Thompsons' cross motion for summary judgment.

{¶18} As to the Thompsons' motion for sanctions, the trial court stated the Ohio Civil Rules do not recognize a defense of "unfair surprise" in relation to a party filing a motion for summary judgment and BGD filed its motion within the time allotted by the trial court's scheduling order. The trial court found the crux of the Thompsons' argument is that BGD should not have moved for summary judgment before answering the discovery requests the Thompsons served on August 13, 2018. The trial court found BGD did answer the discovery requests as it filed its "Notice of Compliance" on September 4, 2018 and further, that BGD was not required to respond to the discovery requests or wait for the Thompsons to depose their witnesses prior to moving for summary judgment. The trial court additionally found BGD did provide information related to the compensation of

BGD's experts and identified the facts and data its experts reviewed and relied on in providing their expert opinions. The trial court also stated that even if BGD's responses somehow fell short, the Thompsons did not comply with the local rules or Civil Rule 37 because they failed to discuss their discovery complaints with BGD or the trial court prior to asking for sanctions. The trial court denied the Thompsons motion for sanctions.

{¶19} The Thompsons appeal the judgment entries of the trial court and assign the following as error:

{¶20} "I. THE COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND CROSS DENYING PLAINTIFFS-APPELLANTS' CROSS MOTION FOR SUMMARY JUDGMENT.

{¶21} "II. THE COURT ERRED IN DENYING PLAINTIFFS-APPELLANTS' MOTION FOR SANCTIONS.

{¶22} "III. THE COURT ERRED IN OPPOSING THE AFFIDAVIT OF DISQUALIFICATION SUBMITTED BY PLAINTIFF-APPELLANT ROBERT THOMPSON TO THE SUPREME COURT OF OHIO.

{¶23} "IV. THE COURT ERRED IN DENYING PLAINTIFFS-APPELLANTS' MOTION TO COMPEL, AND IN ALLOWING THE HUNTINGTON NATIONAL BANK TO INTERVENE IN THIS ACTION.

{¶24} "V. THE COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR CHANGE OF VENUE FROM FRANKLIN COUNTY, OHIO TO DELAWARE COUNTY, OHIO."

I.

**{¶25}** In their first assignment of error, the Thompsons argue the trial court erred in denying their motion for summary judgment and in granting BGD's motion for summary judgment. The Thompsons contend they are not required to have expert testimony because any layperson can understand the facts and issues in the case and they argue the motion for summary judgment was inappropriate because it was filed after BGD failed to respond to discovery and was filed before discovery ended.

**{¶26}** Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶27}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

**{¶28}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

**{¶29}** In order to establish a cause of action for legal malpractice based upon negligent representation, a plaintiff must establish: (1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; and (3) a causal nexus between the alleged negligent conduct and the resulting damage. *Krahn v. Kinney*, 43 Ohio St.3d 103, 538 N.E.2d 1058 (1989). "Failure to prove any one of these elements entitles a defendant to summary judgment on a legal malpractice claim." *Brunstetter v. Keating*, 11th Dist. Trumbull No. 2002-T-0057, 2003-Ohio-3270.

**{¶30}** "Generally, expert testimony would be required in regard to professional standards of performance." *McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112, 461 N.E.2d 1295 (1984). Unless the alleged breach of care is so obvious that it can be determined

from the ordinary knowledge and experience of a layman, an expert witness is necessary in a legal malpractice action to establish that an attorney breached the duty of care. *Aleshire v. Shamansky*, 5th Dist. Licking No. 08 CA 41, 2008-Ohio-5414.

{¶31} In their legal malpractice case against BGD, the Thompsons allege BGD made multiple acts and omissions, including: Attorney Donnellon of BGD has a quid pro quo relationship with Attorney Michael Tarullo, the plaintiff in the Delaware County Common Pleas case that "superseded their duties to us or the law"; that BGD intentionally destroyed their cases while actively misleading them to interfere with their legal rights in previous litigation; the BGD attorneys failed to show up to prosecute the cases; that Attorney Donnellon removed Attorney Tarullo from the federal court litigation in Kentucky while concealing the removal; that Attorney Donnellon and Attorney Rodger led the Thompsons to believe that they were seeking relief from judgment in a prior case in the Delaware Common Pleas Court but did not do so; that Attorney Donnellon refused to appeal the judgment in the Kentucky case when it was too late to seek other counsel to do so; that BGD missed critical deadlines in the Kentucky case; that BGD ignored egregious violations of the Thompsons' rights by their first counsel in the litigation; that BGD ignored that Attorney Tarullo's status as the Thompsons' legal counsel precluded him from engaging in litigation against the Thompsons; that BGD improperly had this case transferred from Franklin County to Delaware County; and that Attorney Daniluck billed the Thompsons despite his having failed to obtain patents for inventions as he was hired to do.

{¶32} We concur with the trial court that these issues are not within the common knowledge of the layperson and that expert testimony was required. At the time the trial

court granted BGD's motion for summary judgment on October 17, 2018, the time to identify expert witnesses had passed (February 15, 2018), the deadline to submit expert reports had passed, and the discovery deadline (August 31, 2018) had passed. In support of their summary judgment and in opposition to the Thompsons' motion for summary judgment, BGD submitted several expert reports. Hojnoski opined no attorney or representative of BGD caused harm to the Thompsons, any damages or losses claimed by the Thompsons against BGD were caused by the conduct, acts, or omissions by the Thompsons, and the Thompsons' claims against BGD have no merit and are borderline frivolous. Hill concluded that there was no causal connection between the conduct of BGD attorneys and any damages or loss to the Thompsons and that the BGD attorneys exercised the degree of care and skill normally applied by members of the legal profession. Burger, a patent attorney, concluded the Thompsons are unable to establish that their patent application was unsuccessful, that anything BGD attorneys did breached a duty, or that there is a causal connection between BGD's acts and the Thompsons' claimed damages.

{¶33} After the Thompsons failed to timely identify an expert witness, the trial court properly found BGD is entitled to summary judgment on the basis that the Thompsons had no expert testimony to support their position that BGD committed malpractice.

{¶34} The Thompsons also contend BGD's motion for summary judgment was inappropriate and should have been denied because it was filed after BGD failed to respond to discovery and it was filed before the discovery deadline of August 31, 2018. However, the Ohio Civil Rules do not contain a prohibition against filing a motion for summary judgment prior to the discovery deadline and Civil Rule 56(A) provides, "a party

may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party." Pursuant to the trial court's scheduling entry, the trial court set the dispositive motion deadline for September 14, 2018. BGD filed their motion for summary judgment on August 30, 2018. Additionally, BGD filed its "Notice of Compliance" on September 4, 2018, by which it indicated it served BGD's responses to the Thompsons' first request for production regarding BGD's experts. Additionally, BGD's motion for summary judgment deals with the Thompsons' lack of expert support, rather than raising issues that might be supported through additional discovery.

{¶35} The Thompsons' first assignment of error is overruled.

II.

{¶36} In their second assignment of error, the Thompsons contend the trial court erred in denying their motion for sanctions against BGD. The Thompsons argue that they are entitled to award of sanctions because BGD did not comply with their discovery requests and unfairly surprised the Thompsons by filing the motion for summary judgment. The Thompsons contend as sanctions for the discovery violations, the trial court should have excluded BGD's expert testimony.

{¶37} The trial court has discretion to impose sanctions for failure to comply with discovery orders, and this Court applies the abuse of discretion standard of review in reviewing the trial court's decision. *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 662 N.E.2d 1 (1996). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶38}  As detailed above, the Ohio Civil Rules do not recognize a defense of unfair surprise in relation to a party filing a motion for summary judgment and BGD filed their motion within the time specified by the trial court in its scheduling order.

{¶39}  Additionally, we find the trial court did not abuse its discretion in finding the Thompsons were not denied the information they sought in discovery or in finding that the information sought by the Thompsons in discovery did not provide a defense to BGD's motion for summary judgment.

{¶40}  BGD served responses on the Thompsons on September 4, 2018.  BGD provided information related to the compensation of their experts by providing copies of invoices to the Thompsons in their discovery responses.  BGD identified the facts and data its experts reviewed and relied upon in providing their expert opinions and BGD stated it did not provide assumptions to the experts prior to having formed their opinions in the case.  Additionally, we find the trial court did not abuse its discretion in denying the Thompsons' motion for sanctions because the trial court reasoned that the Thompsons failed to comply with local rules and Civil Rule 37 prior to filing a motion for sanctions. Thus, the Thompsons were not entitled to sanctions.

{¶41}  The Thompsons' second assignment of error is overruled.

III.

{¶42}  In their third assignment of error, the Thompsons argue the trial court erred as to the affidavit of disqualification submitted to the Ohio Supreme Court.

{¶43}  It is well-established that, pursuant to R.C. 2701.03, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced.  *Jones v. Billingham*, 105 Ohio App.3d 8, 663 N.E.2d

657 (2nd Dist. 1995). If a common pleas litigant wishes to raise a challenge to a trial court judge's objectivity, he or she must utilize the procedure set forth in R.C. 2701.03. *State v. Feagin*, 5th Dist. Richland No. 16CA21, 2016-Ohio-7003. The Thompsons did utilize the procedure set forth in R.C. 2701.03 and filed an affidavit of disqualification with the Ohio Supreme Court on July 11, 2017. The Chief Justice of the Ohio Supreme Court denied the affidavit of disqualification on July 31, 2017 and found the case could proceed before the Delaware County trial court judge.

{¶44} Disqualification proceedings are not initiated in the court of appeals and are not subject to review by the court of appeals. *Beer v. Griffith*, 54 Ohio St.2d 440, 377 N.E.2d 775 (1978). Thus, an appellate court lacks the authority to pass upon the disqualification of a common pleas court judge. *State v. Ramos*, 88 Ohio App.3d 394, 623 N.E.2d 1336 (9th Dist. 1993).

{¶45} Based on our lack of jurisdiction to consider this issue, the Thompsons' third assignment of error is overruled.

IV.

{¶46} In their fourth assignment of error, the Thompsons contend the trial court erred in denying their motion to compel, and in allowing Huntington to intervene in this action.

{¶47} This Court may not reverse a trial court's decision on a motion to compel discovery absent an abuse of discretion. *State ex rel. The V. Cos. v. Marshall*, 81 Ohio St.3d 467, 692 N.E.2d 198 (1998).

{¶48} We first note that the Thompsons stated that the subpoena issued to Huntington is for "information regarding bank accounts illegally opened by Michael D.

Tarullo, Esq., our attorney and business partner who is a central issue in the litigation." However, the malpractice the Thompsons allege in this case is against BGD, not Tarullo. Tarullo is not a defendant in this case, nor is he an attorney at BGD. Additionally, we find the trial court did not permit Huntington to "intervene" in this case pursuant to Civil Rules, but did permit Huntington, as a non-party, to respond to the motion to compel filed by the Thompsons. We do not find such to be unreasonable, unconscionable, or arbitrary, as Huntington is entitled to defend itself against a motion to compel.

{¶49} The subpoena issued by the Thompsons to Huntington requested the following information: (1) any records or documents pertaining to any bank account on behalf of Helicon AES, LLC; (2) any records or documents pertaining to any bank account on behalf of Sun Yield Agdry, LLC; (3) any signature cards related to Helicon or Sun Yield; (4) all deposit slips or other instruments related to Helicon or Sun Yield; (5) any checks related to Helicon or Sun Yield; (6) any withdrawals or transfers of funds related to Helicon or Sun Yield; and (7) any correspondence related to Helicon or Sun Yield. The trial court found Huntington provided documents to the Thompsons on September 13, 2017 and the documents provided were the full extent of documents in the bank's possession relevant to requests (1) through (6), and that more specific information would be required for Huntington to be able to search for documents relevant to request (7). The trial court also found Huntington provided further information to the Thompsons on November 7, 2017.

{¶50} Upon review of the record, we find the determination by the trial court with regards to the motion to compel is not unreasonable, arbitrary, or unconscionable. Huntington met its burden of demonstrating compliance with subpoena requests (1) through (6). Further, we find the trial court did not abuse its discretion in determining

request (7) was overbroad, given that the Thompsons failed to narrow their discovery requests to issues relevant to this lawsuit, specific people, contact information, and/or specific date ranges.

{¶51} The Thompsons' fourth assignment of error is overruled.

V.

{¶52} In their fifth assignment of error, the Thompsons argue the trial court erred in granting BGD's motion to change venue.

{¶53} The decision whether to change venue is within the trial court's sound discretion and will not be overturned absent an abuse of discretion. *Beem v. Thorp*, 5th Dist. Licking No. 16-CA-97, 2017-Ohio-2967. This Court may not disturb a trial court's decision unless we find the decision was unreasonable, unconscionable, or arbitrary. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). We first note that BGD's motion to change venue was unopposed, as the Thompsons did not file a brief in opposition within fourteen days as set forth as the response time in Local Rule 21. Further, we find the trial court did not abuse its discretion in granting the change of venue, as the determination that proper venue lies either in Delaware County, where the malpractice allegedly occurred, or Hamilton County, where BGD has their principal place of business in Ohio, was not unreasonable, unconscionable, or arbitrary pursuant to Civil Rule 3(C).

{¶54} Additionally, while Civil Rule 3(H) provides a right of appeal with regards to venue, this right of appeal is limited by the first phrase of the rule that provides no judgment shall be void solely on the ground of improper venue. *Jackson v. Friedlander*, 5th Dist. Stark No. 2016CA00053, 2016-Ohio-7503. Pursuant to Civil Rule 3(H), if this

Court remands this case to the trial court for further proceedings based upon other errors, this Court could also consider a challenge to venue and, upon remand, sustain a challenge to venue and transfer the remanded case. *Id.* Such a scenario would not violate Civil Rule 3(H), as the final judgment of the Delaware County Common Pleas Court would not be voided solely on the issue of improper venue. However, in this case, we overruled the balance of the Thompsons' assignments of error. Thus, a reversal by this Court with instructions to transfer the case to the Franklin County Court of Common Pleas would constitute voiding the trial court's judgment entry solely on the ground of improper venue, in violation of Civil Rule 3(H).

{¶55} The Thompsons' fifth assignment of error is overruled.

{¶56} Based on the foregoing, the Thompsons' assignments of error are overruled and the judgment entries of the Delaware County Court of Common Pleas are affirmed.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur